CHIEF JUSTICE WILLIAMS
delivered the opinion op the ootjrt.
This was an indictment against appellee for “setting up and keeping a keno-table, committed as follows: that he did on-day of-, 1868,-and on divers days since, in the county aforesaid, procure to be set up and to be kept a keno-table in a house under his control and in his occupation; . . it being a contrivance for betting, at which and whereby money and property was bet, won, and lost.”
It is not averred that this is a contrivance ordinarily used for gaming; nor that it was indeed a banking game kept for the ordinary purpose of betting, winning, and losing. This kind of table or contrivance is not specifically named in the statute, nor is it judicially known to the court; therefore, without such or equivalent averments, we can not determine that it falls within the denunciations of section 6, chapter 42, 1 Stanton’s Revised Statutes, 568, which denounces both heavy penalties and disabilities against those convicted of its violation. And, as said by this court in Ritte v. Commonwealth, 18 B. Mon. 40, “ to convict under this section it should appear that the table or machine or contrivance was such as is ordinarily used for gambling for. money or property. It is as essential that this should be averred as proved, for the indictment must allege the essential facts constituting the offense.
The statute denounces by name the setting up and keeping a faro-bank, at which money is won and lost; therefore a legal signification is given to that contrivance, and it is specifically prohibited. But not so as to the keno-table: this is denounced under the general prohibition of all contrivances set up for the purposes of gambling, and, not being named, some averment showing it to be within this general prohibition is essential.
*300 Nor is this indictment sufficient even under the 10th section of said chapter, denouncing a lesser penalty for the lesser offense of suffering any game whatever at which money or property is bet to be played in a house, etc., in the possession of the defendant; for it is not averred he suffered or permitted any games, at which money or property was bet, to be played.
As said by this court in the recited case, the 6th section denounced the setting up, procurement, and keeping those contrivances in general use for gaming purposes, and not such as were usually kept by gentlemen in their parlors for pastime and not for gambling. Hence, unless it be of the kind specifically prohibited, it should be shown by averment to fall within the general denunciations of that section; while the 10th section denounced a penalty on the wagering in a house, etc., by the sufferance of the occupier.
As this indictment sets out no offense under either section, it was fatally defective, and the court properly sustained the demurrer.
Wherefore the judgment is affirmed.