### G. D. WILSON v. COMMONWEALTH.

**Criminal Law—Gaming.**

> It is not required that money should be won or lost to make the offense of setting up or permitting to be set up a faro-bank, gaming table, machine or contrivance used in betting. It is sufficient that money may be won or lost, and the fact that it has not yet been won or lost will not protect the owner or keeper from being punished for setting up the place.

#### APPEAL FROM FAYETTE CIRCUIT COURT.

June 3, 1879.

OPINION BY JUDGE HINES:

The sixth and seventh sections of Chapter 47 of General Statutes denounce penalties against one setting up, or permitting to be set up, any faro bank, gaming table, machine or contrivance used in betting, or other game of chance, whereby money or other thing is or may be won or lost. It is not required that money should be won or lost to make the offense complete. It is sufficient that money "may be won or lost." Such is the case, at least so far as setting up a faro bank is concerned, which is specifically denounced by the statute as a contrivance for betting and gambling amounts substantially to an averment that money may be won and lost on the game. Under the letter of the statute a faro bank cannot be set up for any purpose without incurring the penalty denounced by the statute. The legislature, having the unquestioned right to so provide the hardships that may result, or the unreasonableness of the law, cannot alter the judicial interpretation. *Commonwealth v. Monarch,* 6 Bush 298.

The first instruction given by the court is substantially correct. The jury are told that if they believe beyond a reasonable doubt that the accused permitted the faro bank to be set up, and if they "are satisfied from the proof" that the room was in his possession or under his control, they must find him guilty. To be satisfied from the proof has been held to be equivalent to the expression "believe from the evidence beyond a reasonable doubt." *Brown v. Commonwealth,* 14 Bush 398.

We are of the opinion that the portion of the statute that declares "after proof of setting up, it shall be presumed to have been with the permission of the person occupying or controlling the same, unless the contrary be clearly proved," is not unconstitutional. The

8th section of the Bill of Rights applies to such offenses as were indictable felonies at common law, felonies by statute, and such statutory offenses as infamous punishments are provided for. It does not apply to statutory offenses punishable by fine.    Proffitt on Jury Trials, Sec. 97.   *Commonwealth v. Avery,* 14 Bush 625.

There was no error in rejecting the paper purporting to be a contract of lease.

Judgment *affirmed.*

*Morton & Parker, for appellant.   Moss, for appellee.*