CASE 106—INDICTMENT—MAY 31.

## Shouse v. Commonwealth.

95  621
e118  038

APPEAL FROM ESTILL CIRCUIT COURT.

AN INDICTMENT accusing the defendant of the offense of cutting a named person "with intent to kill him" need not, in stating the particular circumstances of the offense, again charge that the cutting was done "with intent to kill."

WHITE & SMITH FOR APPELLANT.

The indictment does not charge a felony, and the court erred in instructing the jury upon the view that appellant could be found guilty of a felony. The indictment does not state the fact that the stabbing was done "with intent to kill" the wounded person. The mere stating of the offense to be wounding *with intent to kill* is not an allegation that it was so done. (Criminal Code, secs. 122, 124, 137; Gen. Stats., chap. 29, art. 6, sec. 2; Commonwealth v. Tanner, 5 Bush, 317; Commonwealth v. Turner, 8 Bush, 2; Taylor v. Commonwealth, 1 Duv., 161; Commonwealth v. Yancy, 2 Duv., 375; Wilson v. Commonwealth, 3 Bush, 105.)

Shouse v. Commonwealth.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

The question is whether or not it was necessary for the prosecutor to allege,
in order to constitute a felony, that the cutting and stabbing were
done *with intent to kill*. And this resolves itself into the question as
to whether or not this statutory offense, unless the words "*with intent
to kill*" are used, does not constitute the offense of *malicious cutting·
and wounding*. The court will find a full citation of authorities in
the brief filed for appellant, and I submit the question for the decision
of the court without further comment.

CHIEF JUSTICE BENNETT. DELIVERED THE OPINION OF THE COURT.

The appellant was convicted of the crime of malicious
cutting with intent to kill.

The indictment accuses the appellant " of the offense·
of cutting John Reffit with intent to kill him, commit-
ted in manner as follows: The said Wm. Shouse did
unlawfully, willfully and feloniously cut, thrust and stab
John Reffit with a knife, from which cutting and stab-
bing said Reffit did not die."

It is contended that it is not sufficiently charged that
the appellant cut Reffit with intent to kill him. The
124th section of the Criminal Code provides: " The in-
dictment must be direct and certain as regards—. . . 2.
The offense charged. . . . 4. The particular circumstances
of the offense charged, if they be necessary to constitute·
a complete offense."

The indictment charges that the appellant cut John
Reffit with intent to kill him, committed as follows,
to-wit: The appellant did said cutting unlawfully, will-
fully and feloniously, from which Reffit did not die. It
will be seen that the indictment is direct and positive as·
to the offense charged and the person upon whom it was·
committed, and that it was done with intent to kill him.
It then gives the particular circumstances of the offense
charged so as to make it a case of·malicious cutting. It

seems to us that the positive and direct charge that the appellant cut Reffit with intent to kill him having been once made, it was not necessary to repeat the same statement in giving the particular circumstances of the offense, for the Criminal Code expressly declares that the acts constituting the offense shall only be made in ordinary and concise language. The indictment charges a statutory offense.

The judgment is affirmed.