CASE 78—INDICTMENT AGAINST WILLIAM SCHATZMAN FOR OPERATING
A SLOT MACHINE ON HIS PREMISES.—SEPTEMBER 23.

# Commonwealth v. Schatzman.

APPEAL FROM MASON CIRCUIT COURT—JAMES P. HARBESON, CIRCUIT
JUDGE.

FROM AN ORDER SUSTAINING A DEMURRER TO THE INDICTMENT THE COM-
MONWEALTH APPEALS.  REVERSED.

GAMING—GAMING MACHINES—STATUTORY   OFFENSES—INDICTMENT—
REPETITION OF AVERMENTS.

1. Ky. St. 1903, sec. 1960, provides that whoever shall keep,
   carry on, or manage a keno bank, faro bank, or other machine
   or contrivance used in betting, whereby money or other things
   may be won or lost, shall be fined.   HELD, that, in order to
   sustain a conviction under such section, it must appear that the
   table, machine, or contrivance was such as is ordinarily used in
   gambling for money or property, where the contrivance is not a
   keno or faro bank, or one of the things named in the section.
2. Where an indictment is for a statutory offense, it is sufficient if,
   in the accusative part, the offense is designated by a brief
   general description in the language of the statute, or sufficiently
   to apprise a person of ordinary understanding of what is meant.
3. Where other facts stated in the accusative part of an indictment
   for violating Ky. St. 1903, sec. 1967, prohibiting the keeping of a
   machine or contrivance used in betting, whereby money or other
   things may be won or lost, were sufficient to apprise a person of
   ordinary understanding that the slot machine with the keeping
   of which defendant was charged was a gambling contrivance, the
   indictment was not fatally defective because such accusative part
   did not specifically state that such slot machine was such a con-
   trivance.
4. Where the accusative part of an indictment for keeping a gam-
   bling machine on premises occupied by defendant in violation of
   Ky. St. 1903, sec. 1967, alleged that the premises in question were
   in defendant's occupation and under his control, it was not neces-
   sary that such fact should be again alleged in the descriptive part
   of the indictment.

FRANK P. O'DONNELL, N. B. HAYS, ED. DAUM and L. MIX, for.
APPELLANT.

### AUTHORITIES CITED.

The indictment does charge a public offense.    Kentucky Stat-
utes, secs. 1967 and1 1960; Act of Ky. Legislature, Bullitt's Crimi-
nal Code, p. 1; Connor v. Com., 13 Bush, 721; Com. v. Scroggin, 60
S. W., 529; Burns v. Com., 3 Met., 14; Taylor v. Com., 3 Bush,
511; Com. v. Davis, 12 Bush, 240; Young v. Com., 12 Bush, 243;
Flint v. Young, 81 Ky., 186; Toler v. Com., 15 Ky. Law Rep.,
292; Vowels v. Com., 84 Ky., 52; Johnson v. Com., 90 Ky., 488;
Moore v. Com., 92 Ky., 632.

The indictment does state facts constituting a public offense.
Criminal Code, sec. 124; Ky. Statutes; sec. 1967; Com. v. Fraize,
5 Bush, 325; Buford v. Com., 14 B. M., 20; Louis v. Com., 5
Ky. Law Rep., 610; Com. v. Branham, 3 Bush, 2; Vicaro v. Com.,
5 Dana, 504.

Cases distinguished.    Com. v. McCarthy, 74 Ky., 1046; Com.
v. Monarch, 6 Bush, 298; Ritte v. Com., 18 B. M., 40.

WORTHINGTON & COCHRAN, for appellees.

### POINTS AND AUTHORITIES.

Allegations in the descriptive part of an indictment which, if
true, would make the defendant guilty of a public offense, will
not save the indictment from a demurrer unless the defendant
is accused of that offense in the accusatory part of the indictment.
Brooks v. Com., 98 Ky., 143; Com. v. Tupman, 17 Ky. Law Rep.,
217; Miller v. Com., 77 S. W. Rep., 682; Civil Code, secs. 122,
123 and 124.

An indictment under sec. 1967, Ky. Statutes, must show that
the machine or contrivance suffered to be operated, is such as is
ordinarily used for betting; or that it is one of the contrivances
specifically named in the Statute.    Com. v. Monarch, 6 Bush, 298;
Ritte v. Com., 18 B. Mon., 35; Waddell v. Com., 84 Ky. Law Rep.,
276; Com. v. Kammerer, 11 Ky. Law Rep., 777; Com. v.
Schaurer, 4 Ky. Law Rep., 342.

W. D. COCHRAN, for appellee.

### POINTS AND AUTHORITIES.

1. To state an offense under section 1960 of the Kentucky Stat-
utes if the indictment be for suffering, etc., a "slot machine"

to be set up, etc., words descriptive or explanatory of the gambling character of the machine should be used.    Commonwealth v. Monarch, 6 Bush, 301; Ritte v. Commonwealth, 18 B. Mon., 35; Waddell v. Commonwealth, 84 Ky., 276; Commonwealth v. Kammerer, 11 Rep., 777; Commonwealth v. Shaurer, 4 Rep., 342.

2. All the acts constituting an offense must be charged with directness and certainty.  Louis v. Commonwealth, 16 Rep., 284; Brooks v. Commonwealth, 98 Ky., 143; Shouse v. Commonwealth, 95 Ky., 621.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

The circuit court sustained a general demurrer to the following indictment: "The grand jury of Mason county, in the name and by the authority of the Commonwealth of Kentucky, accuse William Schatzman of the offense of suffering and permitting certain machine and contrivance known as 'slot machine' to be operated on the premises in his occupation and under his control, whereby money and property and other things of value was won and lost, committed as follows, viz.: The said William Schatzman, on the 1st day of January, 1904, and other days before and since, within twelve months last past, and before the finding of this indictment in the county aforesaid, did unlawfully suffer and permit a certain machine and contrivance commonly known as 'slot machine,' and which machine and contrivance is ordinarily used for gambling for money and property and for whisky, brandy, wine, ale, beer, cigars, and tobacco, and other things of value, to be operated on the premises on Second street in the city of Maysville, Ky., the more exact location of said premises and the manner and way of operating said machine and contrivance is to the grand jury unknown, whereby and at and on which machine and contrivance money and property, and whisky, brandy, ale, beer, cigars, and tobacco and other things of value were then and there won and lost, and with the permission, consent, and procurement of the said Wil-

liam Schatzman; contrary to law and against the peace and dignity of the Commonwealth of Kentucky."

The indictment is based on section 1967, Kentucky Statutes, 1903, which, so far as material, is as follows: "Whoever shall suffer or permit any game or table, bank, machine or contrivance, mentioned or included in section 1960 of this chapter, to be set up, conducted, kept or exhibited in any house, boat or float, or on any premises in his occupation or under his control, or shall lease the same, or any part thereof, for that purpose, shall be fined from two hundred and fifty ($250) to five hundred dollars ($500) for each offense." Section 1960 above referred to, so far as material, is as follows: "That whoever, with or without compensation, shall set up, carry on, keep, manage, operate or conduct, or shall aid or assist in setting up, carrying on, keeping, managing, operating or conducting a keno bank, faro bank, or other machine or contrivance used in betting whereby money or other things may be won or lost, shall be fined five hundred dollars ($500) and costs, and confined in the penitentiary," etc. By section 1967, whoever shall suffer any machine or contrivance embraced in section 1960 to be conducted in any house or on any premises in his occupation or under his control shall be fined from $250 to $500. The machine or contrivances included in section 1960 are a keno bank, faro bank, or other machine or contrivance used in betting, whereby money or other thing may be won or lost. It has been held that to convict under this section it should appear that the table, machine, or contrivance was such as is ordinarily used in gambling for money or property, where the contrivance is not a keno bank, faro bank, or one of the things named in the section. Ritte v. Commonwealth, 18 B. Mon., 35; Commonwealth v. Kammerer, 13 S. W., 108, 11 Ky. Law Rep., 777. It has also been held that the indictment must be

certain as to the offense charged and as to the particular
circumstances of the offense. Brooks v. Commonwealth, 98
Ky., 143, 17 R., 698, 32 S. W., 403; Commonwealth v. Tup-
man, 30 S. W., 661, 17 Ky. Law Rep., 217; Sublett v. Com-
monwealth, 35 S. W., 543, 18 Ky. Law Rep., 100. It is in-
sisted for the appellee that the indictment is insufficient, be-
cause in the accusative part of it it is not stated that the
slot machine was a contrivance ordinarily used for gambling
for money and property, and that it is also insufficient be-
cause in the descriptive part of the indictment it is not al-
leged that the slot machine was operated on premises under
the defendant's control or in his occupation, although this
statement is made in the accusative part of the indictment.
Precisely this question was made in Shouse v. Common-
wealth, 95 Ky., 621, 16 R., 142, 26 S. W., 814, where the
indictment accused the defendant "of the offense of cutting
John Reffit with intent to kill him, committed in manner as
follows: The said William Shouse did unlawfully, willfully,
and feloniously cut, thrust, and stab John Reffit with a knife,
from which cutting and stabbing said John Reffit did not
die." It was contended that it was not sufficiently charged
that the defendant cut Reffit with intent to kill him. The
court said: "It seems to us that, the positive and
direct charge that the appellant cut Reffit with in-
tent to kill him having been once made, it was not neces-
sary to repeat the same statement in giving the particular
circumstances of the offense, for the Criminal Code expressly
declares that the acts constituting the offense shall only be
made in ordinary and concise language." This case was fol-
lowed and approved in Clark v. Commonwealth, 38 S. W.,
489, 18 Ky. Law Rep., 758, and Commonwealth v. C. & O.
R. R. Co., 72 S. W., 359, 24 Ky. Law Rep., 1880. The rule
is that, where the indictment is for a statutory offense, it is

Commonwealth v. Schatzman.

sufficient if in the accusative part the offense is designated by a brief general description in the language of the statute, or sufficiently so to apprise a person of ordinary understanding of what is meant. Knoxville Nursery Co. v. Commonwealth, 108 Ky., 6, 55 S. W., 691, 21 Ky. Law Rep., 1483. The fact that the indictment before us in the accusative part does not show that the slot machine was a contrivance ordinarily used for gambling is not sufficient to vitiate it, as the other facts stated in the accusative part are sufficient to apprise a person of ordinary understanding of the precise offense charged. As it is clearly stated in the accusative part of the indictment that the premises in question were in the defendant's occupation and under his control, it was unnecessary to again repeat this statement in the descriptive part of the indictment, for a person of ordinary understanding could not fail to know what was meant, and, the allegation being contained in the indictment, its meaning is to be determined from the whole instrument, and not from any particular part of it alone. We therefore conclude that the indictment is good, and that the court erred in sustaining a demurrer to it.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the indictment.