## Riffe v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Boyd Circuit Court.

Criminal Law—Finding of Fact by Trial Court, on Motion for New Trial, not Disturbed.—Where the court, on conflicting affidavits on a motion for a new trial, found against defendant's contention as to excuse for absence from trial, the reviewing court will not disturb the action of the trial court, in the absence of an apparent reason for disagreeing with its conclusion.

WAUGH & HOWERTON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant was tried and convicted in his absence of the offense of unlawfully transporting liquor, for which he was indicted in the court below, the punishment

given him by the verdict of the jury being a fine of $300.00 and sixty days' imprisonment in jail.

Before the close of the term of the court at which he was convicted the appellant filed a motion and grounds to set aside the verdict and judgment and for a new trial, supported by his affidavit and that of his brother, Paul Riffe, in both of which it was stated that his absence at the trial of his case was due to advice received by him through his brother, Paul, from the Commonwealth's attorney, Coldiron, to the effect that he need not attend the term of the court referred to, unless notified by the Commonwealth's attorney in time to do so, which notice was never given him by that officer. The appellant's affidavit further stated the names of three or four witnesses by whom he claimed he could prove his innocence of the offense charged, but failed to state the facts to which the witnesses would testify.

The Commonwealth's attorney filed his affidavit on the motion in which he positively testified, not only that he had not advised the appellant through his brother, Paul Riffe, that he need not attend that term of court unless notified by him, but also that he had not talked with Paul Riffe about the matter, had not seen the latter, and, further, that he was not acquainted with him. He also testified that he had never agreed with the appellant or other defendant indicted in his district to inform him when to appear for trial thereunder.

It is apparent that the motion presented only an issue of fact arising from the affidavits of the parties named. This issue of fact was decided by the court againt the appellant and his motion overruled. By this appeal he seeks a reversal of the judgment of conviction because of that ruling. As the trial court upon the issue of fact thus presented accepted the truth of the statements contained in the affidavit of the Commonwealth's attorney in preference to those of the appellant and his brother as contained in their affidavits, and we are not prepared to say that the court erred in thus deciding, we can but hold that no reason is apparent for disagreeing with the conclusion of the trial court. Hence we will not declare the overruling of the motion of the appellant reversible error.

Judgment affirmed.