## Baker v. Commonwealth.

(Decided February 19, 1924.)

## Appeal from Leslie Circuit Court.

1. Intoxicating Liquors—"Harboring a Moonshine Still" Does Not Constitute Offense.—Neither Acts 1922, c. 33, section 4, nor any other statute, makes it an offense "to habor a moonshine still."

2. Criminal Law—Court should have Arrested Judgment Without Motion, where One Convicted of Act Not Offense.—Where state elected to prosecute one for "harboring a moonshine still," and he was adjudged guilty, the court without motion should have arrested judgment, under Criminal Code of Practice, section 278, "harboring a moonshine still," not constituting an offense.

3. Criminal Law—State on Return of Case Permitted to Make Different Election.—Where accused was indicted for "owning, harboring, operating, and having in his possesssion an illicit or moonshine still," and the commonwealth was required to elect, and elected to try him for the offense of "harboring a moonshine still," which does not constitute an offense, on reversal of conviction the commonwealth was permitted to make a different election.

J. M. MUNCY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Appellant was indicted for the offense of "owning, harboring, operating and having in his possession an

illicit or moonshine still.'' The indictment being duplicitous, he asked that the Commonwealth be required to elect. His motion was sustained, and the Commonwealth elected to try him for the offense of ''harboring a moonshine still.'' The jury found him guilty and imposed a fine of $300.00, in addition to a jail sentence of 50 days.

The present statute merely makes it unlawful for any person ''to buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit still,'' section 4, chapter 33, Acts 1922, and neither it nor any other statute contains any provision making it an offense ''to harbor a moonshine still.'' It is therefore clear that after the election by the Commonwealth, the facts stated in the indictment did not constitute a public offense within the jurisdiction of the court. That being true, the trial court without motion should have arrested the judgment. Section 278, Criminal Code.

This conclusion makes it unnecessary to consider the grounds relied on for a new trial.

On the return of the case the Commonwealth will be permitted to make a different election.

Wherefore the judgment is reversed and the cause remanded, with directions to arrest the judgment and for such further action as the ends of justice may require.