## Morgan v. Commonwealth.

## Maggard v. Commonwealth.

(Decided February 22, 1924.)

### Appeals from Leslie Circuit Court.

1. Criminal Law—Drunkards—Indictment Held Not to State Of- fense, and Judgments Should have been Arrested Without Mo- tion.—Indictments simply charging defendants with drunkenness on named dates stated no offense under Acts 1922, c. 33, section 24, and court erred in not arresting judgments of conviction even though there was no motion therefor, in view of Criminal Code of Practice, section 278.

2. Drunkards—No authority to Require Peace Bonds of Drunkards. —There is no warrant of law for requiring persons convicted of the offense of drunkenness, as defined by Acts 1922, c. 33, section 24, to execute peace bonds.

3. Criminal Law—Duty of Reviewing Court to Reverse Judgment Where Indictment States no Offense, though it may Escape At- tention of Lower Court.—Under Criminal Code of Practice, sec- tion 278, a conviction under an indictment which stated no offense known to the law should be reversed by the reviewing court, though the invalidity of the indictment escaped the attention of the lower court and defendant himself failed to challenge its sufficiency.

JOHN L. DIXON for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing in each case.

Appellants were separately indicted, tried, and con- victed in their absence, of drunkenness. The punishment of each was fixed at a fine of $100.00, confinement in the county jail for ten days, and in addition, Morgan was required to execute a bond for $1,000.00 for his good be-

havior for a year, and Maggard was required to give a like bond for $500.00. Later at the same term, each filed a motion and grounds for new trial, and same having been overruled, they have prosecuted these appeals. Presenting the same questions, the two appeals were heard together, and will be disposed of in a single opinion.

Neither defendant alleged or proved any ground for a new trial, and the court did not err in overruling their motions therefor. We are of the opinion, however, that the court erred in not arresting the judgments, although there was not a motion therefor in either case. By section 276 of the Criminal Code:

"The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court."

It is further provided by section 278 of the Code, that:

"The court may arrest the judgment without motion, on observing the defect in the indictment, named in section 276."

These indictments simply charged the defendants with drunkenness on named dates. Section 2554a-24, Kentucky Statutes, makes it an offense for a person to be drunk or intoxicated at named places or to be drunk elsewhere *and* disturb the peace of another person, and we recently have held in two cases that except as defined in that section of the statutes, drunkenness upon the part of a private citizen is not an indictable offense. Lewis v. Commonwealth, 197 Ky. 449, 247 S. W. 749; Commonwealth v. Adams, 201 Ky. 421, 257 S. W. 45.

It is therefore clear that the facts stated in these indictments do not constitute a public offense within the jurisdiction of the circuit court, and that it would have been reversible error to have overruled demurrers thereto or motions in arrest of the judgments entered thereon. Not only so, but there is no warrant of law whatever for requiring the defendants to execute peace bonds, even if they had been charged with and convicted of the offense of drunkenness as defined by section 2554a-24 of the statutes.

Hence if these judgments are permitted to stand, the defendants will not only be punished, but excessively,

without ever having been charged with the commission of any offense.

Such a manifest miscarriage of justice is never the purpose of the law, and the only conceivable purpose in the enactment of section 278, *supra,* was to prevent the possibility of such an occurrence, even where the defendant himself failed to challenge the sufficiency of the indictment.

It is therefore the duty of the trial court to arrest a judgment based upon such an indictment upon observing the defect therein, and the duty of this court to reverse the judgment if the matter escapes the attention of the lower court, since otherwise the very purpose of the section's enactment will fail of accomplishment.

Wherefore the judgment in each of these cases is reversed, with directions to arrest the judgment, and for proceedings not inconsistent with section 279 of the Code.