## Clagg v. Commonwealth.

(Decided March 12, 1926.)

### Appeal from Boyd Circuit Court.

1. Criminal Law—Finding of Facts on Conflicting Affidavits by Trial Court Against Defendant's Contention as to Excuse for Absence from Trial on Motion for New Trial will Not be Disturbed.—Where court on conflicting affidavits on motion for new trial found against defendant's contention as to excuse for absence from trial, reviewing court will not disturb trial court's action in absence of sufficient reason for so doing.

2. Criminal Law—Trial Court Might, on Motion for New Trial, Accept Truth of Controverted Affidavit of Commonwealth's Attorney as to Defendant's Excuse for Absence from Trial.—Trial court might, on motion for new trial, accept truth of statements contained in affidavit of Commonwealth's attorney as against those presented by affidavit of defendant's counsel as to his excuse for absence from trial.

. 3. Criminal Law—Agreement of Commonwealth's Attorney to Enter Nolle Prosequi to Charge Against Defendant for Unlawful Possession of Liquor Held Unenforceable, where it had Not Been Executed by Court's Order Carrying it Into Effect (Ky. Stats., Section 123).—Alleged agreement of Commonwealth's attorney, whereby defendant was promised by that officer immunity from prosecution for possession of liquor because of his plea of guilty to charge of unlawful possession of a still, held unenforceable, in view of Ky. Stats., section 123, where agreement had not been executed by court's order carrying it into effect.

4. Criminal Law.—Nolle prosequi to prevent a subsequent prosecution on the charge must be entered of record.

E. W. FANNIN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Boyd circuit court convicting the appellant, Henry Clagg, of the offense, charged by warrant, of unlawfully having in his possession intoxicating liquor. The judgment being based on the verdict of a jury finding him guilty and fixing his punishment at a fine of $300.00 and confinement of sixty days in jail. The record does not contain a copy of the warrant charging the offense and otherwise presents such a confused showing of the proceedings had in the progress and disposition of the case that we have found it difficult to understand its entire contents. But we gather from it that the prosecution originated in the court of a justice of the peace and, following the appellant's trial and conviction therein, was appealed by him to the circuit court.

Though on bail to appear and answer the charge in the warrant, the appellant was absent when the case was tried. When it was called for trial, however, counsel claiming to represent him appeared and made a motion in his behalf, unsupported by affidavit or other proof, for a continuance of the prosecution to the next term of the court, or until he could have an opportunity to procure the appellant's attendance during the term then in progress. The motion was overruled by the court, to which counsel took an exception, but neither by the entering of a plea of not guilty for the appellant, nor otherwise, did the counsel represent him on the trial of the case.

The trial court's refusal of the continuance moved for by counsel for the appellant, was followed by the submission of the case to the jury, after they were instructed by the court as authorized by law in a prosecution for a misdemeanor, on the trial of which it is made to appear that the Commonwealth is entitled to a judgment by default against the defendant.

The appellant by counsel filed a motion and grounds for a new trial, which the court overruled, and to this ruling he duly excepted. The only ruling of the trial court complained of by the appellant in the motion and grounds for a new trial, was its overruling of the motion for a continuance of the case made in his behalf preceding the trial. And on this appeal that ruling is assigned as error entitling him to the reversal of the judgment appealed from.

It appears from the record that at the time the motion for the continuance was made, the only grounds urged therefor were presented to the court in an oral unsworn statement made by counsel, purporting to be based on information previously received from his then absent client, the appellant. There was, however, later filed with and in support of the appellant's motion and grounds for a new trial an affidavit, sworn to by him, which purported to set forth in legal form the facts constituting the grounds upon which the motion for the continuance had been based; and also the grounds on which he was basing his claim of right to a new trial.

It was, in substance, stated by the appellant in this affidavit that at a preceding term of the Boyd circuit court there was, in addition to this prosecution taken thereto on his appeal from the court of the justice of the peace, another pending against him therein, in which he was charged by indictment with the offense of unlawfully having in his possession a still. That the latter case was first called for trial at which time he (appellant) in pursuance of an agreement he had made with the Commonwealth's attorney of the judicial district, entered a plea of guilty to the charge of unlawfully having the still in his possession contained in the indictment; and he was thereupon adjudged guilty of that offense by the court which, with his acquiescence, fixed his punishment at a fine of $215.00, and confinement of ten days in jail. This fine and the costs of the prosecution, as shown by a receipt filed with the affidavit

he at once paid, and the payment was immediately followed by his imprisonment in jail the ten days required by the judgment of conviction.

It was further stated in the affidavit that the plea of guilty made by the appellant to the charge of his having the unlawful possession of the still and likewise his submission to the punishment resulting therefrom, was caused and induced by an agreement made by him with the Commonwealth's attorney, whereby the latter agreed with and promised him that if he would make such plea in that case and submit to and satisfy the penalty by way of a fine and jail imprisonment, it was agreed between them, should be and was imposed therein by the judgment of the trial court, he (the Commonwealth's attorney) would not permit the appellant to be tried on the warrant charging him with the unlawful possession of intoxicating liquor, and would take it off the court's docket by having entered an order "filing it away."

It was claimed in the affidavit that the appellant's reliance upon the promise of the Commonwealth's attorney to withdraw or "file away" the warrant in question induced him to believe that it had been so disposed of. And that his absence from the Boyd circuit court at the time of his trial under the warrant and conviction of the offense therein charged, were due to his ignorance of its continued pendency on the docket of that court.

The affidavit also asserted the appellant's innocence of the offense charged in the warrant and his ability to prove same had the case been continued as requested of the court by his counsel, to give the latter an opportunity to communicate with and advise the appellant of the necessity of his presence in court and time of the trial; and also his ability to yet establish his innocence if granted a new trial. It was likewise asserted in the affidavit that the appellant was absent from his home at the time the liquor charged to have been in his possession was discovered on his premises; and that it was never in his possession. But the affidavit names no witness by whose testimony his innocence could have been, or would be, proved, or by whom any fact important to his defense could have been, or would be, shown. Indeed, but for its statements with respect to the alleged agreement of the Commonwealth's attorney with the appellant whereby the latter was, as therein claimed, prom-

ised by that officer immunity from prosecution in the instant case, because of his plea of guilty in the case charging his unlawful possession of a still, there was nothing in the affidavit attempting to show that error was committed by the trial court, either in refusing the continuance asked for the appellant by his counsel, or in the overruling of the appellant's motion and grounds for a new trial.

It was not claimed in the appellant's affidavit that the alleged agreement he had with the Commonwealth's attorney was made in the presence of or with the knowledge of the court, nor was his statement that there was such an agreement corroborated by the affidavit of any other person. On the other hand the Commonwealth's attorney in his affidavit filed on the hearing of the appellant's motion and grounds for a new trial positively denied the making of the agreement or promise referred to in the affidavit of the appellant, or that the latter was induced by any such promise or agreement to believe that the warrant under which he was convicted in the case at bar would be filed away, or not tried. The denials of the affidavit were specific as to every statement made by the appellant with respect to the alleged agreement. So after all is said the issue of fact between appellant and the officer was one resting in the discretion of and to be determined by the trial court; and where on conflicting affidavits on a motion for a new trial such an issue is determined by the court, the Court of Appeals, upon a review of the action of the trial court on such issue of fact, in the absence of a sufficient reason for so doing, will not disagree with the conclusion arrived at by the trial court. It was the province of the court to accept the truth of the statements contained in the affidavit of the Commonwealth's attorney as against those presented by the affidavit of the appellant, and we perceive no reason for holding that his decision of the question presented was unauthorized by the facts and circumstances contained in the record as a whole. Riffe v. Commonwealth, 200 Ky. 300.

For yet another reason we are without authority to reverse the rulings of the trial court complained of. Had it been satisfactorily established on the hearing of the appellant's motion and grounds for a new trial that the agreement in question was made with him by the Commonwealth's attorney, as such agreement had not

been executed by an order of the court carrying it into effect, it was unenforcible in behalf of the appellant. For in order that a prosecution may be effectually withdrawn by *nolle prosequi* so as to prevent a subsequent retraction thereof, or prosecution on the charge, the withdrawal must be entered of record. 16 Corpus Juris 437. And in the following cases decided by this court it was held, that a *nolle prosequi* may only be entered as provided by section 123, Kentucky Statutes; that is, that the reasons of the Commonwealth's attorney therefor must be spread upon the order book of the court and an order entered in accordance therewith, which admittedly was not done in this case. Commonwealth v. Cundiff, 149 Ky. 37; Commonwealth v. Flynn, 161 Ky. 289.

It follows from what has been said that the judgment must be, and it is affirmed.