## Huff v. Commonwealth.

### Same v. Same.

(Decided December 17, 1926.)

## Appeals from Boyd Circuit Court.

1. Criminal Law—Appellate Court Must Assume, in Absence of Counter Affidavits, that Prosecutor Made Agreement, Alleged as Ground for New Trial, to Take no Further Action.—In absence of counter affidavits, Court of Appeals must assume that Commonwealth's attorney made agreement, alleged as ground for new trial after default judgments, to take no further steps against defendant under indictments.

2. Indictment and Information—Prosecutor May File Away or Continue Prosecution Without Stating Reasons on Record (Ky. Stats., Section 1127).—While indictment may not be dismissed without stating reasons therefor on record, under Ky. Stats., section 1127, Commonwealth's attorney may file away or continue prosecution.

3. Criminal Law—Defendant, Against Whom Prosecutor Agreed to Take no Further Action, was Entitled to Notice of Intention to Prosecute, and to New Trial in Absence Thereof.—Defendant,

against whom Commonwealth's attorney agreed to take no fur-
ther steps under indictments was entitled to notice of reinstate-
ment of case on docket, and to new trial after entry of default
judgment without such notice.

4.  Criminal Law—Arrest After Prosecutor Agreed to Take no Fur-
ther Action Held Not Sufficient Notice of Intent to Prosecute.—
Defendant's arrest, after alleged agreement of Commonwealth's
attorney to take no further steps under indictments, held not such
notice of his intention to prosecute as to deprive defendant of
right to rely on agreement; it being clerk's duty to issue process
without suggestion by prosecutor.

JOHN B. ADAMSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MCCANDLESS—Re-
versing in both cases.

At the February, 1925, term of the Boyd circuit court
the grand jury of that county returned several indict-
ments against John Huff, two of which, Nos. 39 and 40,
charged the defendant with the offense of being intoxi-
cated in a public place on the 16th of February, 1925. On
the 25th day of June, 1925, Huff was arrested on bench
warrants in these cases and executed bail bond to appear
and answer the charges at the ensuing September term
of that court. No action was taken at that term of court,
but at the following February term the cases were called
in Huff's absence, and no plea being entered, a default
judgment was entered against him, his punishment being
fixed at $100.00 and thirty days in jail in each case. Sub-
sequently, during the same term of court, he entered mo-
tion and filed grounds for a new trial in both cses. Each
motion was supported by a similar affidavit, the sub-
stance of which was that indictments 39 and 40 were re-
turned on the 19th day of February, 1925; that on the
21st day of that month a third indictment, No. 8097, charg-
ing him with the offense of driving an automobile while
intoxicated was returned by the grand jury, that he en-
tered his appearance to the last named indictment and
made an agreement with the Commonwealth's attorney
for the law and facts in that case to be submitted to the
court with a recommendation that a fine of $100.00 be as-
sessed against him, and that he would resign as constable
of Boyd county and have his license to drive a car re-

voked, the Commonwealth's attorney agreeing to take no further action on indictments Nos. 39 and 40 then pending against him; that in accordance with this agreement he was so tried and fined on that indictment and did resign as constable and his license was revoked; that relying on the Commonwealth attorney's agreement to take no further steps in prosecutions Nos. 39 and 40, and having no notice to the contrary, he did not attend the ensuing terms of court; that he has a good defense to the charges in the indictment named and asked a new trial that this might be presented. No counter-affidavits were filed, but the court overruled the motion for a new trial in each case and defendant appealed, both appeals being heard and tried together in this court. It does not appear whether all of these offenses grew out of the same transaction, nor do we deem that material. If the Commonwealth's attorney made the agreement as alleged, and in the absence of contradiction we must assume that he did, and later changed his mind and decided to prosecute the cases, appellant was entitled to notice of such intention that he might be present and defend. It is true that an indictment may not be dismissed without the reasons therefor being stated on the record, section 1127, Ky. Statutes, but the Commonwealth's attorney may file away or continue the prosecution.

In a number of cases we have held that where an indictment is filed away on motion of the Commonwealth's attorney and afterward reinstated on the docket, that defendant is entitled to notice of such procedure, and if tried without such notice he is entitled to a new trial. The same rule should apply if he actually agreed with the defendant not to take any steps against him under the indictment. Doubtless the Commonwealth's attorney overlooked or forgot his previous agreement; but if defendant was thereby lulled into a false sense of security and denied a right of trial as granted him by the Constitution, he is entitled to a new trial. It is argued, however, that his arrest was subsequent to the alleged agreement and that he was thereby given notice of the intention of the prosecuting attorney to prosecute. While plausible this suggestion is not conclusive. It was the duty of the clerk of the court to issue process upon the indictments without any suggestion upon the part of the Commonwealth's attorney, and if the agreement claimed

by appellant actually existed he could still rely on its being carried out. The fact that no steps were taken at the September term of court is somewhat corroborative of appellant's contention. At any rate, standing unde- nied we must assume the agreement to have been made as claimed.

Wherefore, the judgment in each case is reversed and cause remanded for a new trial.