## Means v. Commonwealth.

(Decided Oct. 26, 1934.)

W. T. PHILLIPS and S. G. SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Ed Means, was indicted by the grand jury of the Clinton circuit court at its March term, 1934, charged with unlawfully having in his possession spirituous, vinous, and malt liquors, which were not in his possession for sacramental, medicinal, scientific, or mechanical purposes. By the second count of the indictment the appellant was further charged with a former conviction in said court in April, 1930, for the same character of offense.

Upon trial of the defendant under this indictment at the August term, 1934, of this court, he was found guilty as charged, and sentenced to two years' imprisonment in the penitentiary.

By the record it appears that upon the said Means being indicted, as stated, at the March term of the court, the indictment was filed and set for trial at said term, when, upon its coming on to be heard, it appears it was agreed between the commonwealth's attorney and the defendant Means in open court that he should pay in the court a fine of $60 and costs, when the statement would be filed by the commonwealth, showing amendment of the indictment charging defendant with "liquor in possession, second offense" to one charging him with the misdemeanor offense of public drunkenness, with the further agreement that in consideration of such change and amendment of the indictment to the different and lesser offense of public drunkenness, and the dismissal of the indictment charging "possession of liquor, second

32

offense,'' the defendant was to leave the state, or, failing that, was to be tried on the liquor charge at the next term of court.

Pursuant to and evidencing such agreement of the parties, the following order was taken:

"This day came the defendant into open court and by agreement and statement of the commonwealth's attorney, he, Ed Means, the defendant agreed to pay the Commonwealth of Kentucky $60 on this amended charge of public drunkenness as to statement.

"He forthwith came forth and paid the court $60 and its costs therein. It was agreed that the defendant was to leave the state or be tried on liquor in possession second offense next term of this court.''

While it thus appears that the defendant Means complied with the alleged agreement in so far as it provided for his payment into court of the $60 and costs on the amended charge of public drunkenness, it yet further appears, and is admitted, that he failed to leave the state, as also was stipulated for by the agreement, with the result that in the August term of the court following the claimed conditional settlement of the indictment charging ''liquor in possession, second offense,'' the indictment was redocketed and called for trial, when the parties announced ready and defendant entered pleas thereto of not guilty and former trial and conviction.

The jury after hearing the indictment read, the evidence of the parties, and the instructions of the court, returned a verdict finding the defendant guilty as charged, and fixing his punishment at two years' confinement in the penitentiary, when judgment sentencing defendant was duly entered thereon.

Defendant's motion and grounds for a new trial having been filed, considered by the court, and overruled, he prosecutes this appeal. In support of his contention he argues that the judgment was prejudicially erroneous upon the grounds that: (1) The court allowed illegal evidence to be introduced; (2) the verdict was against the law and the evidence; (3) the appellant was taken by surprise, because trial was had before sufficient notice was given him in which to prepare; (4)'

the court erred in giving improper instructions to the jury; and (5) the court erred in overruling his plea of former trial and conviction. We will now undertake the consideration and determination of these objections.

Appellant's first objection, that the court erred in allowing illegal evidence to be introduced, is based upon his contention that no evidence was introduced by the commonwealth against him except what was unlawfully obtained under an insufficient search warrant which was never introduced on the trial or any proof made as to its loss or contents, and therefore the search of his house was made in violation of section 10 of the Constitution, providing that, "the people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place * * * without probable cause supported by oath or affirmation", while it here appears from the record that neither the search warrant nor the information upon which it was issued was read or introduced in evidence upon the trial, for the reason (as testified by the county judge who issued the warrant) that the same had been misplaced or lost. The prosecuting witness, Bill Craig, a deputy sheriff, also testified that he had made the affidavit upon which the warrant was issued, showing as probable cause for his believing that the defendant unlawfully had in his possession at his home spirituous and intoxicating liquors the fact that he that day saw some boys hauling in a wagon to Means' home certain suspicious looking boxes, which they delivered there.

It is shown by the proof that the defendant, Ed Means, here the appellant, had been for many years prior to the year 1929, when first convicted on a like liquor offense, an habitual violator of the liquor laws and, when search was made of his home on the occasion in evidence, it was found that he had about two gallons and a quart of moonshine whisky there. Further, it appears that on this occasion, when under this warrant defendant's home was searched, he was absent, as he had been arrested for drunkenness and placed in jail; that his wife was found at home at the time when the warrant was read to her, and she consented to the making of the search of the premises as authorized by the warrant. However, appellant contends that the commonwealth's evidence as to the finding of the whisky in

appellant's home was improperly allowed to be introduced, in that the search warrant under which it had been discovered by the prosecuting witness in appellant's home was not introduced or its contents or loss properly proven, and was therefore incompetent evidence against him. In support of this contention, he relies upon the holding of this court in the case of Colley and Crawford v. Commonwealth, 195 Ky. 706, 243 S. W. 913, wherein the court said that evidence against a defendant obtained by an officer under and through an invalid search warrant is incompetent and should upon seasonable objection be excluded from the consideration of the jury. In that case, however, to all of such evidence obtained by the means of the criticized search warrant the appellants objected and moved the court to exclude, which objection and motion were overruled. The holding of the court as made in that case, however, is not available here to the appellant, for the reason that it is shown by the record that the appellant did not make timely objection to or move to exclude this evidence when offered and given upon the trial, and therefore it is to be considered that he waived his right to object to or move to exclude the same, and it cannot be here for the first time urged.

As to the appellant's next objection, that the verdict is against the law and the evidence. It is again sufficient answer to this contention that the appellant is shown by the record to have waived his objection to the introduction and competency of this evidence by failing to make timely objection thereto, in the absence of which the probative value of the evidence was a question resting with the jury, as was its sufficiency to establish the defendant's unlawful possession of the whisky found in his home.

Appellant's next objection is that he was taken by surprise in being forced into trial before sufficient notice or time had been given him in which to prepare therefor. This objection too may be answered through the defendant's failure to move for a continuance asking time in which to prepare; or, if he and his counsel were surprised, it appears they failed to notify the court of such fact or to make other motion seeking relief. Their failure to avail themselves of such timely methods against their alleged surprise or lack of preparation must again be held to preclude them as a waiver thereof.

As to the next objection, which is a criticism of the court's instructions, we find the same to be again without merit. The first of the two instructions given followed the language of the indictment, and the other was a ''reasonable doubt'' instruction. These instructions thus given we conclude fairly submitted the issues joined upon the defendant's plea of not guilty, and afforded to appellant all to which he was entitled, and they cannot now be properly complained of.

The next and last objection made, to the effect that the court erred in overruling the defendant's plea of former trial and conviction, while of a more serious nature, it is yet, we conclude, not one that we regard as meritorious or rightly to be sustained. All that is shown by the record as to this point is, as set out supra, that defendant was indicted for the offense of unlawfully having liquor in his possession at the March, 1934, term of the Clinton circuit court; that the case was set for trial at such term, and that, upon its call during the term for trial, an agreement was reached whereby the charge preferred against the appellant in the indictment was to be amended to the misdemeanor offense of public drunkenness, upon which the defendant was to confess the fine of $60 and costs, and, further, was to leave the state or still be tried at the succeeding term of court upon the original indictment charging a second offense of having liquor unlawfully in his possession. In considering appellant's claim in this, it is to be noted that the misdemeanor offense of public drunkenness, to which the indictment charge was amended, is not a lesser degree of the offense of unlawfully having whisky in his possession. We do not here decide or undertake to decide the question of the right or authority on the part of the commonwealth's attorney under the law to enter into a compromise agreement with defendant in the trial of a felony charge pending against him by amending the felony charge so as to make it one for the different or misdemeanor offense of drunkenness, under which the defendant was to pay only a stated fine, when upon its payment the felony indictment against him was to be dismissed, as the decision of this question in the instant case is unnecessary, for the reason that the alleged agreement had between the commonwealth's attorney and the appellant, as evidenced by the court's order as hereinabove set out, was never kept or performed by the appellant, in that he failed to leave the state as he

therein agreed to do in addition to paying the stated fine. Certainly the defendant cannot claim, under the terms of an agreement which he has never kept, a former conviction under an indictment for a charged offense upon which he was never tried, but can only claim that same was dismissed pursuant to his agreement to pay the fine and leave the state, which he failed to keep or perform, and especially is this here true, where by the very terms of the claimed agreement the dismissal of the indictment was made conditional upon his leaving the state and expressly provided that, upon his failure to leave, as agreed, he should be tried under the indictment at the succeeding term of court. From the record we do not find that this indictment was legally dismissed by the commonwealth, even were the appellant in a position to claim, which he is not, that it should have been dismissed, in that it is provided by section 1127, subsec. 4, Kentucky Statutes, that "when an indictment is dismissed, the reasons therefor shall be stated and entered of record." Construing this section, this court in the case of Huff v. Commonwealth, 217 Ky. 247, 289 S. W. 246, held that while an indictment may not be dismissed without the reasons therefor being stated on the record, the commonwealth's attorney may without so doing file away an indictment or continue the prosecution. Further by section 123 of the Statutes it is provided that "before the court shall permit any Commonwealth's or county attorney to dismiss any indictment or enter a nolle prosequi in any case, such attorney shall file a statement, in writing, setting forth the reasons for such dismissal or such failure to prosecute, which statement shall be signed by the Commonwealth's or county attorney, as the case may be, and spread upon the order-book of the court, and an order entered in accordance therewith." Under this section and Criminal Code of Practice, sec. 243, it is held in Commonwealth v. Davis, 169 Ky. 650, 184 S. W. 1121, that the circuit judge may in his discretion sustain or overrule a motion by the commonwealth's attorney to dismiss an indictment for a felony. It was also held in Clagg v. Commonwealth, 213 Ky. 524, 281 S. W. 508, that an alleged agreement of the commonwealth's attorney to enter a nolle prosequi was unenforceable where it had not been executed by the court's order carrying it into effect.

We are therefore of the opinion that the order of conditional dismissal by the commonwealth of the in-

dictment against the appellant, relied upon by him, fails to show a legal dismissal by the commonwealth of the indictment against the appellant within the rule announced in the case cited setting out the only way and manner in which a felony indictment might be effectively dismissed by the commonwealth. We find in the instant case no statement in writing of the commonwealth's attorney setting forth his reasons for the dismissal of the indictment in question, for which reason it must follow that the said indictment was not dismissed, but only filed away for trial of the charge therein preferred at the next term of court should the appellant fail to leave the state as agreed. These facts as shown by the record, we conclude, fail to support the appellant's plea of a former conviction of the offense with which he was here charged, tried, and found guilty. Therefore, for the reasons indicated, the judgment is affirmed.