## Howard v. Commonwealth.

Feb. 21, 1941.

Roy W. House for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The grand jury of the Circuit Court of Clay County returned an indictment against the appellant, Hanley Howard, the accusatory part of which charged him with the offense of "unlawfully selling spirituous, vinous, malt, liquor and other intoxicants, otherwise than for sacramental, medicinal, scientific or mechanical purposes". The descriptive part of the indictment reads:

"Hanley Howard did on the third day of October, 1940, in the county, circuit and state aforesaid, and within twelve months, next before the finding of the indictment herein, did unlawfully sell spirituous, malt, liquor and other intoxicants, to-wit: taxed gin to Howard Gregory, the exact amount of which liquor is to the grand jurors unknown, and the grand jurors further say that defendant did not sell said spirituous, vinous, malt liquor and other intoxicants, for either sacramental, medicinal, scientific or mechanical purposes."

Upon a trial of the indictment appellant was convicted and his punishment fixed at a fine of $50 and confinement in the county jail for a period of thirty days. He has filed a motion in this court for an appeal seeking a reversal of the judgment because the trial judge overruled his motion for a peremptory instruction at the conclusion of the Commonwealth's evidence.

It will be noted the indictment did not allege that the appellant had unlawfully sold intoxicating liquors in local option territory, an offense denounced by Section 2554c-18, Kentucky Statutes, (1936 Ed.), the penalty for which is fixed by Section 2554c-28. It is provided in Section 2554c-35 that an indictment charging the sale of intoxicating liquor in violation of the local option law need not allege that a vote was taken or an election held in the territory where the offense is charged to have been committed, but it may simply state that the sale was made in local option territory.

488

As the indictment failed to allege that the offense was committed in local option territory, it charged no public offense and the court should have arrested judgment although no motion was made therefor, Sections 276 and 278, Criminal Code of Practice; Baker v. Com., 202 Ky. 181, 259 S. W. 35; Morgan v. Com., 202 Ky. 211, 259 S. W. 46. Also, the Commonwealth offered no proof to show that the local option law was in force in Clay County at the time the appellant is alleged to have sold this gin. We have held such failure of proof necessitates a reversal of the judgment of conviction, Burton v. Com., 274 Ky. 655, 120 S. W. (2d) 213, and authorities therein cited.

Although no demurrer was filed to the indictment, it is evident that the trial judge erred when he refused to sustain appellant's motion for a directed verdict as the indictment charged no public offense and the Commonwealth's evidence proved none had been committed. Indeed, the learned counsel who briefed the case for the Commonwealth very frankly admitted the trial judge should have sustained appellant's motion for a directed verdict.

Appellant's motion for an appeal is sustained, the appeal is granted and the judgment is reversed for proceedings consistent with this opinion.