### Rader v. Commonwealth.

June 20, 1941.

Napier & Napier, Calloway W. Napier and Calloway Napier, Jr., for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The grand jury of Perry county returned an indictment against the appellant, Robert Rader, the accusatory part of which charged him with the offense of "aiding and assisting in setting up, carrying on, managing and operating a machine, known as a Slot Machine, whereby money may be won or lost." The descriptive part of the indictment reads:

"The said Bob Rader * * * did unlawfully aid and assist in setting up, carrying on, keeping, managing and operating a machine, commonly known as a Slot Machine, whereby money or other things of value might be won or lost by furnishing said machine so used as aforesaid to one E. L. Roper * * *"

On his trial appellant was convicted, and his punishment fixed at a fine of $500 and confinement in the state penitentiary for a term of one year. Several grounds are assigned for reversal of the judgment, including alleged error in selection of the jury and bias of one juror, but, since the judgment must be reversed, only two grounds need be considered.

The crime for which appellant was indicted is defined by Section 1960 of the Kentucky Statutes, which reads in part:

"That whoever, with or without compensation, shall set up, carry on, keep, manage, operate or conduct, or shall aid or assist in setting up, carrying on, keeping, managing, operating or conducting a keno bank, faro bank or other machine or contrivance used in betting whereby money or other thing may be won or lost; * * * shall be fined five hundred dollars ($500.00) and costs and confined in the penitentiary not less than one nor more than three years."

Section 1967 of the Statutes makes it a misdemeanor for any one to suffer or permit any contrivance mentioned in Section 1960 to be set up, conducted, kept or exhibited on any premises in his occupation or under his control.

Appellant offered to prove that a number of indictments under Sections 1960 and 1967 of the Statutes were pending in the Perry circuit court and that the Common-

284

wealth's attorney agreed to dismiss all of them, including the felony indictment against appellant, upon the payment of an agreed sum, as fines in the misdemeanor cases, and that the sum agreed upon was paid and all indictments were dismissed except the one against appellant. The Commonwealth's attorney claimed that the agreement applied only to the misdemeanor cases and not to the felony case, but, be that as it may, such an agreement, if made, is not a bar to prosecution unless a statement in writing, signed by the Commonwealth's attorney, is filed, setting forth the reasons for dismissal of the indictment or the entry of a nolle prosequi and an order is entered in accordance therewith. Kentucky Statutes, Section 123. The motion of a Commonwealth's attorney to dismiss an indictment for a felony may be sustained or overruled by the circuit judge in his discretion. Kidd v. Commonwealth, 255 Ky. 498, 74 S. W. (2d) 944; Commonwealth v. Davis, 169 Ky. 650, 184 S. W. 1121; Commonwealth v. Cundiff, 149 Ky. 37, 147 S. W. 767. In Clagg v. Commonwealth, 213 Ky. 524, 281 S. W. 508, 510, an agreement with the Commonwealth's attorney to enter a nolle prosequi in a criminal case was held unenforceable, the court saying:

> "Had it been satisfactorily established on the hearing of the appellant's motion and grounds for a new trial that the agreement in question was made with him by the commonwealth's attorney, as such agreement had not been executed by an order of the court carrying it into effect, it was unenforceable in behalf of the appellant; for, in order that a prosecution may be effectually withdrawn by nolle prosequi so as to prevent a subsequent retraction or prosecution on the charge, the withdrawal must be entered of record."

Appellant's criticism of the indictment presents a more serious question. The indictment nowhere charges that the slot machine was such a contrivance as was ordinarily used for gaming or for gambling purposes, but only charged that it was a "machine whereby money or other things of value might be won or lost." That might be said of any machine or contrivance ordinarily used for lawful purposes or of any game usually played for amusement. In construing Sections 1960 and 1967 of the Statutes, this court has uniformly held that an indictment charging a violation of either section must

allege that the machine was such as is ordinarily used for gambling purposes if it is a machine or contrivance not mentioned in Section 1960.

In Commonwealth v. Estes, Ky., 121 S. W. 423, 424, Estes was indicted for the violation of Section 1967, and the sole question before the court was: Did the indictment charge an offense against him? The indictment charged that the accused "did unlawfully suffer and permit a machine or contrivance, to wit, a slot machine used in betting whereby money and other things may be won, and lost, to be set up, conducted, kept, and exhibited in a house and on premises in his occupation and under his control, and upon said slot machine so set up, kept, conducted, and exhibited as aforesaid money and property of value was then and there bet, won, and lost." In holding that the indictment was insufficient, the court said:

"It will be observed Section 1960, Kentucky Statutes (Russell's St. Section 3558), to which Section 1967 refers for the names of the machines or contrivances the setting up, keeping, conducting, and exhibiting of which is made an offense, does not mention slot machines. Therefore it was necessary to be alleged in the indictment that the slot machine was ordinarily used for gaming."

This rule has been followed consistently and without exception. Commonwealth v. Monarch, 6 Bush 298; Ritte v. Commonwealth, 18 B. Mon. 35; Commonwealth v. Schatzman, 118 Ky. 624, 82 S. W. 238.

One of the grounds assigned for a new trial was alleged error of the court in overruling appellant's demurrer to the indictment. It does not otherwise appear in the record that a demurrer was filed, but a motion for a peremptory instruction was filed and this raised the question as to whether the indictment stated a public offense. Howard v. Commonwealth, 285 Ky. 486, 148 S. W. (2d) 336; Neal v. Commonwealth, 221 Ky. 239, 298 S. W. 704; Morgan v. Commonwealth, 202 Ky. 211, 259 S. W. 46; Baker v. Commonwealth, 202 Ky. 181, 259 S. W. 35.

For the reasons stated, the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.