## Herrell v. Commonwealth.

(Decided May 1, 1923.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Bill of Exceptions not Tendered Within Time Fixed Stricken from Record.—A bill of exceptions in a criminal case not tendered within a definite time fixed by the court, or within a definite extension thereof, will be stricken from the record.

2. Criminal Law—Bill of Exceptions in Criminal Case can be Presented at Term at Which Criminal Causes Cannot be Heard.—The provision of act March 23, 1922 (Laws 1922, c. 54), prescribing six terms of court for a particular county, that grand jurors should be summoned and criminal cases should be heard only at three of those terms did not prevent the presentation of a bill of exceptions in a criminal case at a term at which no criminal cause could be heard, so that, where the order required the bill to be tendered the first day of the next term, it was too late if tendered on the first day of the next term for hearing criminal causes, after another term had intervened.

ISHAM T. LEABOW for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is the second appeal of this case. The appellant was indicted together with several others in the Bell circuit court, on a charge of murder. The first trial resulted in the conviction of Paris Martin, John Bussell and this appellant. On appeal to this court that judgment was reversed and the prosecution remanded. On its return the defendants were granted separate trials and appellant again found guilty and sentenced to life imprisonment.

The court has carefully read the record and in view of the conclusions hereinafter reached, deems it unnecessary to refer to the facts except to say that they are substantially as set out in the former opinion reported in 193 Ky. 835, the Commonwealth's evidence possibly being somewhat stronger. However, a motion has been made by the Commonwealth to strike from the record the entire bill of exceptions and transcript of evidence herein.

It appears that the trial in the lower court was held at the May, 1922, term and that the last order in the case at that term was made on the 30th day of June and was to the effect that the motion for a new trial was overruled and defendant given until the first day of the next term of court to tender and file a bill of exceptions.

On the first day of the November, 1922, term the defendant's counsel tendered to the judge of the court a bill of exceptions and transcript of evidence, and it was ordered filed, this not being done in the presence or hearing

of the Commonwealth's attorney. The latter was informed of the fact before the order was signed and objected to the filing and moved the court to set aside the order, but this was overruled and the order signed and exceptions taken.

It further appears that formerly the regular terms of the Bell circuit court were held beginning on the first Monday in February, second Monday in May, and first Monday in October, that by an act approved March 23, 1902, the number of terms of that court and the dates thereof were changed and it was provided that the regular terms of the circuit court of that county should begin on the first Monday in January, the fourth Monday in February, the second Monday in April, the fourth Monday in May, the second Monday in September and the first Monday in November, it being further provided: "The grand juors shall be summoned and criminal and penal cases shall be heard only at the terms of court held at Pineville and Middlesboro, Bell county, on the fourth Monday in February, 4th Monday in May, and 1st Monday in November." It will be observed that the next term of court following the order giving the defendant time to file the bill of exceptions was that beginning on the second Monday in September, but his bill of exceptions was not offered until the second ensuing term.

"It is the rule that a bill of exceptions not tendered within a definite time fixed by the court, or within a definite extension thereof can not be considered and will be stricken from the record." Siler v. Comth., 197 Ky. 278; U. S. Fidelity & Guaranty Co. v. Cole's Admr., 165 Ky. 823.

It is not claimed that there was any further extension of time or that there was any waiver of objection to filing on the part of the Commonwealth's attorney. But it is urged that as the statute provides for criminal and penal cases to be heard only at the February, May and November terms, that the September term was not a court at which the bill of exceptions could be filed in a criminal case and that an order giving time to file the bill of exceptions on the first day of the next term of court should be construed to mean the first day of the November term, the argument being that this term of court is set aside for civil cases and is analogous to a special term of court called for the trial of certain causes, and the case of Mayes v. Layne, 116 Ky. 566, is cited as authority. That

case holds that an order giving until the first day of the next term in which to file a bill of exceptions referred to the next regular term and not to an intervening special term. In that case no special term had been called at the time the order was made and no orders could be made at the special term of court except in those cases especially designated at the time it was called or by subsequent agreement if held by the regular judge. In this case the Bell circuit court is not a divided court but is a single court with a calendar arranged in a manner to expedite business. To file a bill of exceptions did not require the summoning of a grand jury or the hearing of a criminal case. The September term was the next regular term of court to which action was properly referable.

We conclude that the bill of exceptions was not filed in time and should be stricken from the record. The validity of the indictment was determined in the former opinion and there is nothing remaining to be considered.

Judgment affirmed.

Whole court sitting.