## Tipton v. Commonwealth.

(Decided March 6, 1925.)

### Appeal from Estill Circuit Court.

1. Criminal Law—Bill of Exceptions Must be Filed in Trial Court Within Time Prescribed.—For a bill of exceptions to be properly made part of record, it must be filed in trial court within time prescribed by law, which fact must be shown by order of court.

2. Criminal Law—In Absence of Bill of Exceptions, Only Sufficiency of Indictment Presented to Appellate Court for Consideration.—In absence of a bill of exceptions on appeal by defendant from a conviction, there is nothing presented to appellate court for consideration, except sufficiency of indictment.

3. Criminal Law—Absence of Bill of Exceptions, or Evidence Renders Review of Denial of Continuance Unnecessary.—Where there is neither bill of exceptions nor transcript of evidence, alleged error in denying continuance for absence of witnesses need not be reviewed.

4. Criminal Law—Denial of Continuance for Absence of Witnesses Held Proper, where One Witness Testified, and Affidavit of Others Read to Jury as their Depositions.—Court did not err in denying continuance for absence of witnesses, where one of such witnesses testified in case and affidavit as to testimony of others was read

to jury as their depositions, with instruction to consider it as if witnesses were present and testified.

5. Highways—Evidence Held to Sustain Conviction of Automobilist for Failing to Stop After Colliding with Another Automobile.— Evidence held to sustain conviction of automobilist under Ky. Stats., section 2739g-53, for failing to stop after colliding with another automobile and injuring person standing near by.

EZART ASHCRAFT and S. P. STAMPER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 2739g-53 of our present statutes says in part: "Any person, who, while operating a vehicle on a public highway, shall run against, over or into any other person, vehicle or personal property in possession of any other person in such manner as may injure or damage such other person or property, shall immediately stop and ascertain the extent of such injury or damage and render such assistance as may be needed, including the carrying of such person or occupants of such vehicle to the nearest medical aid, if such carrying is requested by the person struck, or by any occupant;" and subsection (b) of section 2739g-65 fixes the punishment for violating the first section at a fine of not less than ten dollars nor more than two thousand dollars, or imprisonment in the county jail for not exceeding one year or both within the discretion of the jury.

Appellant, Roscoe Tipton, was indicted by the grand jury of Estill county for violating the first section, i. e., failing to stop or offer assistance to Dillard Johnson whom defendant was charged to have struck with his automobile on the public highway leading from Irvine to Ravenna, Ky. Upon his trial he was convicted, and a fine of $750.00 was assessed against him. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal, urging a number of alleged errors as grounds for reversal, none of which we regard as meritorious, but because of the conclusions appearing below, it will not be necessary to specifically refer to them, or to discuss the ground in support thereof.

We find in the record what purports to be a "transcript of evidence" and which is marked on the back

thereof by the clerk of the court as "Filed December 11,. 1924." In that document we also find what purports to be the instructions of the court given upon the trial as well as what purports to be the testimony of the witnesses introduced at the trial, and what is contained therein is the only place in the record containing or referring to either the evidence or the instructions. The certificate of the judge, who presided at the trial, to that document reads: "Examined, approved and signed this 11 day of December, 1924, out of term time." There is no order of the court contained anywhere in the transcript or any part of the record filing that document, or otherwise identifying it as a part of the record. The trial was had at the October term, 1924, and on the 16th day of that month. Upon overruling the motion for a new trial, defendant was given until the fifth day of the next term of the court in which to prepare and file his bill of exceptions. The next term of the court following the one at which the trial was had convened the first Monday in February, 1925. So that, to have waited till that term to file the bill of exceptions would have passed the sixty days within which the transcript should be filed in this court. If, however, defendant was unable to prepare his bill of exceptions in time to be filed at the trial term, it was his duty to apply to this court for an extension of time within which to file the transcript in this court beyond the time that he was given to file his bill of exceptions. He made no application to this court for such extension and, of course, obtained none. Neither did he prepare, file or offer to file his bill of exceptions at the October, 1924, term of the court; nor did he file or offer to file it at the following February, 1925 term. Therefore, the actual case is that defendant never did file his bill of exceptions at *any* term of the trial court, but merely *lodged* it with the clerk *in vacation* without even attempting or offering to file it when the court did convene for its February, 1925, term.

We have often held that "The bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order of court." Padget v. Mays, 2 Ky. L. R. 213, 11 Ky. Op. 24; Spitzelberger v. S. C. & C. St. Ry. Co., 189 Ky. 493; Board of Council of the City of Frankfort v. Fidelity and Guaranty Co. of N. Y., *idem.* 725; National Council Daughters of America v. Polsgrove, 192 Ky. 495 (from which the quotation is taken),

and Schoffman v. Commonwealth, 195 Ky. 633. There is, therefore, nothing presented to us for consideration except the sufficiency of the indictment (see cases *supra*), and it is not seriously contended that it was defective, but if otherwise we have examined it and it was drafted in the language of the statute and is without fault.

The absence of the bill of exceptions or evidence in the case also renders it unnecessary to consider the complaint that the court erred in not granting a continuance of the trial because of the absence of witnesses, since without the testimony we would be unable to say that the court erred in that particular. However, at least one of the absent witnesses testified in the case and the affidavit as to the testimony of the other two was read to the jury as their depositions with an instruction from the court to consider it as if the witnesses were present in court and so testifying. Notwithstanding our inability to consider the evidence heard upon the trial for the reason above stated, yet we have read what purports to be the testimony, and we are convinced from it that the jury was fully authorized in finding the defendant guilty and justified in fixing the punishment at the fine it imposed.

According to that purported, and what the defendant insists was the testimony heard upon the trial, he was running his machine upon the public highway at about eleven o'clock at night and at an excessive rate of speed. Johnson, the person with whom he collided, was standing by another automobile which was stopped at the side of the road with one foot on the fender. A lady companion, who testied that she was in defendant's automobile at the time, said that he was running fast and collided with the stationary machine, but she did not see any person standing by it. After passing she called defendant's attention to the fact that he had struck the stationary machine and requested him to stop. He not only declined to do so but accelerated its speed and later importuned her not to mention the fact, saying that if it were known both of them would be sent to the penitentiary.

Another purported witness located some 150 yards from the stationary machine at which Johnson was hurt, saw defendant as he passed in his machine running at an excessive rate of speed, and others testified to the speed but did not know the occupant of the automobile. Defendant's defense was an *alibi*, but he was the only witness for himself who specifically stated that he was away from

the scene *at the time* of the accident, the others testified that he was at certain places at estimated hours of the night, but they could not and did not fix the time. Added to all that, there was the testimony of Johnson, who said that he recognized defendant at the time of the collision and holloed to him to stop, but he paid no attention to him. Johnson was severely injured and under aggravating circumstances, if the alleged testimony could be considered.

The statute is a most wholesome one and in this day when the public highways of the country are teeming with automobiles, the safety of the public requires a strict observance of all rules and regulations enacted for the prevention of accidents or amelioration of their consequences; and if the one who inflicts injury under the circumstances contemplated by the statute does not possess any of the qualities of the Good Samaritan impelling him to render assistance he should be made to do so by an enforced observance of the requirements of the statute.

Wherefore, the judgment is affirmed.