### Maynard v. Commonwealth.

(Decided October 2, 1925.)

### Appeal from Lawrence Circuit Court.

1. Criminal Law—Sufficiency of Evidence Not Considered in Absence of Order Showing Filing of Bill of Exceptions During Term.—In absence of court order showing filing of bill of exceptions during statutory term of court, sufficiency of evidence to sustain conviction cannot be considered, but only question presented is sufficiency of indictment.

2. Indictment and Information—Indictment in Language of Wife Abandonment Statute Sufficient.—Indictment in language of Acts 1922, c. 19, section 1, amending Ky. Stats., section 331i-1, by making it a felony for husband to abandon wife, while pregnant by him, in indigent circumstances, without making proper provision for her is sufficient.

M. S. BURNS, C. F. SEE, JR., and W. T. CAIN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

By an act approved March 20, 1922, which is chapter 19, Session Acts for that year, page 70, the legislature amended section 331i-1 of the 1922 statutes, commonly

known as the "Child Desertion" statute, by making it a felony for a husband to abandon his wife while pregnant by him, leaving her in indigent circumstances and without making proper provisions for her board, clothing, etc., suitable to his and her condition and station in life.

The appellant and defendant below, Alvis Maynard, was indicted by the grand jury of Lawrence county for violating the provisions of that amendment and upon trial he was convicted and punished by confinement in the penitentiary for one year. On this appeal from the judgment pronounced on the verdict his counsel urges but one ground for reversal, which is, that the proof introduced by the Commonwealth was insufficient to sustain the conviction and that defendant's motion for a peremptory instruction directing his acquittal should have been sustained. It is not seriously insisted that the jury were not authorized to find the facts as to marriage, pregnancy and abandonment, but it is urged that there was no proof of the indigent circumstances of the abandoned wife.

We have examined what purports to be the evidence heard upon the trial and we are not prepared to altogether agree with counsel in his contention, but were we otherwise inclined we would not be authorized to reverse the judgment because there is no bill of exceptions or bill of evidence legally in the record and the document contained therein, styled "Bill of Exceptions" cannot be considered by us. The record is in the identical condition as that of the case of Tipton v. Commonwealth, 207 Ky. 685. Nowhere in the transcript of the record of the proceedings of the court, made on the trial of the cause, is there any order filing the purported bill of exceptions. It is signed by the stenographer, who took and transcribed the evidence, and approved by the judge, who presided at the trial, but that approval was on July 9, 1925, twenty-four days after the indorsement of the clerk as to its filing, and both dates are after the expiration of the statutory term of the court, and there is no order showing the extension of that term or the calling of a special one. In the Tipton case and others therein referred to, we held that "the bill of exceptions, to properly be made a part of the record, must be filed in the trial court within the time prescribed by law, and this fact must be shown by order of court." No such order was made in this case and under the well established rule, as shown by the cases referred to, the only question presented is, whether

the indictment was sufficient to sustain the conviction? That it is so we entertain no doubt, and the contrary is not argued or insisted upon by appellant's counsel in their brief. The indictment follows the language of the statute and is in strict conformity with indictments heretofore sustained by us in charges of child desertion and which is described in practically the same language as that with reference to wife desertion in the amendatory act.

It, therefore, follows that the only alternative open to us is to affirm the judgment, which is accordingly done.