## Russell v. Commonwealth.

(Decided April 29, 1930.)

O. M. GOFF for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Charles Russell, and his co-defendant, Henry Russell, were jointly indicted by the grand jury of Pike county charged with the crime of murder committed by willfully, feloniously, recklessly, etc., running an automobile truck against Bill Butler and which resulted in his death. At the trial of that indictment the court sustained the motion made by the defendant Henry Russell to direct his acquittal, but the same motion made by appellant was overruled, and under the instructions of the court the jury convicted him of voluntary manslaughter with an attached punishment of two years' confinement in the state penitentiary, to reverse which he prosecutes this appeal.

The trial was had on the 18th day of June, 1929, and the verdict was returned on that day. Appellant's motion for a new trial was filed on the second day there-

after, June 20, and it was overruled on the 28th day of that month, and in the same order defendant was given to and including a designated day in the next regular term of the court within which to prepare and file his bills of exceptions and evidence. Before the arrival of that day in the succeeding term the time for the filing thereof was extended by the court for an additional thirty days, but in the same term, upon appellant's motion. Upon the last day of that extension appellant moved for an additional extension of time, within which to file the evidence and his bill of exceptions, until the second day of the next or following regular term of the court, and which motion was overruled, and it is from that order that this appeal is prosecuted.

The only excuse furnished for not filing a transcript of the evidence, and the bill of exceptions, within the time of the first extension for that purpose was that defendant could not procure the money with which to pay the stenographer, and even that fact is manifested only by the affidavit of counsel without the support of an affidavit by appellant. In a similar manner it was also made to appear that during the period of the second extension the stenographer was absent from the place of trial, but there is no pretense that, notwithstanding such absence, the stenographer could not have transcribed the evidence within the extended time

Moreover, neither the absence of the stenographer, nor the inability of appellant to procure the amount of the charges for the transcript of the evidence, if true, furnished an excuse for not filing the bill of exceptions and including in it the bill of evidence (consisting of the stenographer's transcript) by reference and designation as an exhibit and as a part of the bill of exceptions, and which exhibit could later be filed after the transcribing was completed, and appellant had procured the necessary fees. Neither did appellant nor his attorney for him attempt to prepare and file a bill of exceptions containing the evidence in narrative form, and which would have been competent, and if approved by the court would have enabled this court to consider the appeal upon its merits.

But, however that may be, section 334 of the Civil Code of Practice expressly prescribes that the time for the preparation and filing of bills of exceptions shall not be extended beyond a day in the *succeeding* term of court,

and if there is any remaining time of that term and appellant does not have his exceptions ready for filing on that day, an extension may be made to a future day of *that* term, but not beyond it, to a day in the term following or succeeding it; and which practice rule has been followed by this court without exceptions, as will be seen from the numerous cases cited in the notes to the section. Section 282 of the Criminal Code of Practice prescribes that the bill of exceptions in a criminal prosecution shall be "prepared, settled and signed, as provided in the Court (Code) of Practice in civil cases." It requires no argument to show that the order of court overruling a motion for an extension of time for the filing of bills of exceptions by a defendant in a criminal prosecution is not such a final one as to authorize an appeal therefrom to this court. If, however, it were otherwise, then under the condition of the record the court was clearly authorized to overrule the motion for the last extension of time asked by appellant. Indeed, the court was without authority to make any other order and was mandatorily required to overrule the motion for an extension of time beyond a day in the first term following the one at which the conviction was had, or at which the motion for a new trial was overruled, and which is in complete accord with the provisions of the sections of the Codes of Practice supra.

No rule is better settled in the practice than the one to the effect that in the absence of a bill of exceptions containing the evidence heard at the trial, nothing is before this court except the sufficiency of the pleadings to sustain the judgment, which in a criminal prosecution is the indictment. Among the later cases so holding are Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871; and others referred to in those opinions. The sufficiency of the indictment in this case was not questioned in the circuit court, by demurrer or otherwise, nor is any complaint made of it in this court.

If, however, there had been an objection to its sufficiency, it would have been fruitless, since it contains every element necessary to constitute the offense with which appellant was accused, and the only alternative is to affirm the judgment, and it is so ordered.