## Pezzarrossi v. Commonwealth.

(Decided June 3, 1930.)

636

O. M. GOFF, W. W. REYNOLDS and ROSCOE VANOVER, JR., for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

John Pezzarrossi was convicted of the unlawful possession of intoxicating liquor, and his punishment fixed at a fine of $200 and 30 days' imprisonment in the county jail. The case is here on motion to grant an appeal.

At the outset we are met by a motion to strike the bill of exceptions on the ground that it was not tendered or filed in time. Under the code, time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. Section 334, Civil Code; section 282, Criminal Code. On May 4th, and during the regular April, 1929, term, the court overruled appellant's motion for a new trial and extended the time for filing the bill of exceptions to and including the 24th day of the next regular term, which was the June term beginning on the second Monday of June and continuing 24 juridical days. The bill was not filed on or before the day fixed, or at any time during the term within an extension granted by the court. After the June term there came the regular September and November terms, and the bill was not tendered until December 30, 1929. This was too late, and the motion to strike will have to prevail. Charles Russell v. Commonwealth of Kentucky (Ky.) 27 S. W. (2d) 666.

In the absence of the bill of exceptions, the only question that may be considered is the sufficiency of the indictment. Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871. The indictment charges in appropriate terms that appellant, in the county of Floyd, on the 11th day of March, 1928, and within twelve months before the

finding of the indictment, did unlawfully have in his possession spirituous, vinous, malt, or other intoxicating liquor, for beverage purposes, and not for sacramental, medicinal, scientific, or mechanical purposes, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the commonwealth of Kentucky. In view of these allegations, it is clear that the indictment is sufficient.

There being no ground on which the judgment may be reversed, our only alternative is to deny the appeal and affirm the judgment.

Judgment affirmed.