### Grayson v. Commonwealth.

(Decided June 20, 1930.)

JAMES BRADLEY and B. J. ELAM for appellant.

J. W. CAMMACK, Attorney General, and S. B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—Affirming.

The appellant John Grayson, was indicted, tried, and convicted in the Scott circuit court for a second violation of our prohibition statute, (Acts 1922, c. 33), and was punished by confinement in the penitentiary for a period of three years. After his motion for a new trial was overruled, he prosecuted this appeal, complaining chiefly of errors in the instructions, and in the admission of evidence offered by the commonwealth. No complaint is made of the indictment, nor could a successful one be made thereto, since it conforms strictly to the correct rule of practice as heretofore declared by this court with reference to such indictments, i. e., that it properly charges each of the two offenses, and that the first one was committed since the taking effect of our statute known as the "Rash-Gullion" Act (Acts 1922, c. 33), that the conviction therefor was had before the commission of the second offense, and that judgment was still in force and effect.

The commonwealth has entered a motion to strike what purports to be the "Bill of Exceptions," containing the instructions and the evidence heard at the trial, from the record upon the ground that it was never legally or properly filed in the trial court, and was never made a part of the record so that it could be considered by us on this appeal. In a great number of cases, and without exception, we have declared the rule to be that, for the bill of exceptions to properly be made a part of the record, it must be filed in the trial court and evidenced

12

by an order of court showing that it was filed, and that, unless so done, it cannot be considered on appeal. Some of the civil cases so holding are: Holmes v. Robertson County Court, 89 S. W. 106; 28 Ky. Law Rep. 283; Proctor Coal Company v. Strunk, 89 S. W. 145, 28 Ky. Law Rep. 241; National Council Daughters of America v. Polsgrove, 192 Ky. 495, 233 S. W. 1052; Nuckolls v. Illinois Central Railroad Co., 227 Ky. 836, 14 S. W. (2d) 157, and numerous others found in these opinions. Some of the criminal cases in which the same rule was announced are: Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871; Patrick v. Commonwealth, 213 Ky. 509, 281 S. W. 498; Jones v. Commonwealth, 225 Ky. 273, 8 S. W. (2d) 382, and others referred to in those opinions.

In this case the document found in the record, and which purports to be the bill of exceptions and evidence, was not even indorsed by the clerk of the court as having been filed, and there was no order of court showing that fact. Time was given within which to file the bill of evidence and exceptions, but nothing was done so far as the record shows, nor otherwise attempted to be manifested either before the expiration of that time or afterwards. So that, following the established practice, the motion to strike what purports to be the bill of exceptions and evidence must be sustained. The cited cases also announced the rule that, in the absence of a properly certified and filed bill of exceptions and bill of evidence, the only question left for the determination of this court is whether the pleadings sustain the judgment, and, in criminal prosecutions, whether the indictment, which is the only written pleading in the case, is sufficient to support the judgment.

We have seen that the indictment in this case measures up to that requirement, and there remains nothing for us to do except to affirm the judgment, which is accordingly done.