## Luster v. Commonwealth.

(Decided Oct. 22, 1937.)

C. A. NOBLE for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

James Luster having been indicted by the grand jury of Perry county, charging him with the murder of John Whitley, he was, upon his trial of this charge, had at the regular September, 1935, term of the Perry circuit court, found guilty of voluntary manslaughter and his punishment fixed at 10 years' confinement in the penitentiary.

Complaining of alleged prejudicial errors committed upon the trial, preventing his having a fair trial, he has appealed.

We are here, at the very threshold of our consideration of the appeal, seeking a reversal of this judgment, met by the Commonwealth's motion to strike the bill of exceptions, on the ground that it was not tendered or filed in time to constitute it a part of the record.

Under the provisions of section 334, Civil Code of Practice, "time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court." Also see section 282, Criminal Code of Practice.

On the 26th day of what is denominated the "September extended term," or the 8th day of October, 1935, the court overruled appellant's motion for a new trial and ordered that time be given the defendant for filing his bill of exceptions, to and including the 24th day of the next regular November term of court, beginning on the 4th Monday of November and continuing 24 juridical days.

The Commonwealth relies, in support of its motion, here urged, to strike the bill of exceptions and bill of evidence from the record, upon its showing made that the appellant's bill of exceptions was not filed within the time given, on or before the 24th day of the next regular November term of court succeeding the date of appellant's conviction at its preceding September term, but that, on the 23d day of the regular November term, or one day before the expiration of the time given appellant, to wit, the 24th day of the November term, for filing his bill of exceptions, the court, by its further order, extended the time first fixed and allowed the defendant for filing his bill of exceptions from that day, it being the last, or 24th, day of the regular 1935 November term of court, to the later day of the extended November term, January 6, 1936, or, that is to say, extended the time to a day beyond the next succeeding regular term of court following appellant's trial and conviction had at the next preceding September term.

Further, it appears that on this day, so fixed, of January 6, 1936, denominated in the court's order as "the 37th day of the November extended term," the court by its further order then made did again extend this time previously given defendant (to January 6, 1936) in which to file his bill of exceptions to the later day of January 16, 1936.

Appellee further insists that, notwithstanding these

repeated extensions of time to January 16th, which was the last day named and fixed by the court's order within this next succeeding extended November term, in which the defendant might file his bill of exceptions, defendant did nevertheless file no bill of exceptions (it is shown by the record) on that day nor within that time, nor was any bill of exceptions and transcript of evidence tendered or attempted to be filed before the later day of what was denominated "an extension of the November term of court," January 22, 1936, when the court then attempted to order filed a tendered bill of exceptions.

Such being the showing made by the record, that the bill of exceptions was thus, it conclusively appears, not filed at any time during the next regular term of the court succeeding the September term, at which the appellant had been tried and convicted, or within any period of time allowed or attempted to be allowed by order of the court, the appellee has here moved to strike from the files the bill of exceptions, including the bill of evidence, incorporated as a part thereof by reference.

The appellant's unavailing response to this motion is that, while admitting he is constrained to agree with the merit of the Commonwealth's motion in a general way, he is nonetheless moved to take issue therewith, upon the ground that the original transcript or bill of evidence filed in court is on page 76 thereof certified to by the court reporter as having been "reported on November 30, 1935," and as having also the following signed indorsement of the court "approved and ordered to be made a part of the bill of exceptions this 20th day of November, 1935," signed, "S. M. Ward, Judge, Perry circuit court."

While appellant concedes that no court order appears in the record showing that this or any action of the court was had or taken on that day relative to filing a bill of exceptions, despite such fact he nevertheless contends that the mere fact that such indorsement appears on the bill of evidence should, under the circumstances, constitute that to be a then filing of his bill of exceptions, as the appellant is not responsible for the clerk's failure to make a record of the order, as the same (the transcript of evidence), it is so shown, was actually filed on November 30, 1935, or was filed within the time allowed and fixed by the court for the filing of the bill of exceptions, notwithstanding the showing of the record that the court twice thereafter ordered an

extension of time given to named later days in that extended term in which to prepare and file a bill of exceptions for the defendant.

We are unable to concur with appellant's contention in this, that this mere indorsement upon the transcript of evidence, unsupported by any order of the court, served as an order of record filing defendant's bill of exceptions within the time allowed and fixed as required by the Code. Such ineffectual showing thus made of the filing of any bill of exceptions by the defendant cannot be sustained as complying with the Code requirements, nor is such contention of such merit as authorizes us to overrule the appellee's motion to strike the bill of exceptions and transcript of evidence.

It is a well settled and recognized rule of our procedural law that a bill of exceptions, where not by the record shown to have been tendered or filed in time, according to the requirements of the Code provisions, cited supra, will be stricken from the record. See Pezzarrossi v. Commonwealth, 234 Ky. 635, 28 S. W. (2d) 953; Charles Russell v. Commonwealth, 234 Ky. 112, 27 S. W. (2d) 666, 667; Herrell v. Commonwealth, 199 Ky. 25, 250 S. W. 137.

In the Russell Case, supra, the court, in discussing this question of the appellant's having failed to file his bill of exceptions and transcript of evidence within the time required by section 334, Civil Code of Practice, because of certain alleged reasons as excusing his non-compliance therewith, said:

"Section 334 of the Civil Code of Practice expressly prescribes that the time for the preparation and filing of bills of exceptions shall not be extended beyond a day in the succeeding term of court, and if there is any remaining time of that term and appellant does not have his exceptions ready for filing on that day, an extension may be made to a future day of that term, but not beyond it to a day in the term following or succeeding it; and which practice rule has been followed by this court without exceptions, as will be seen from the numerous cases cited in the notes to the section. Section 282 of the Criminal Code of Practice prescribes that the bill of exceptions in a criminal prosecution shall be 'prepared, settled and signed, as provided in the Court (Code) of Practice in civil cases.' "

Further, having reached the conclusion that appellee's motion to strike the bill of exceptions must be sustained, for the reasons stated, it follows that, in the absence of the bill of exceptions, the only question then remaining for our consideration on this appeal is the sufficiency of the indictment.

In the Russell Case, supra, the court in discussing and passing upon this like question, therein presented by the absence of a bill of exceptions, said:

"No rule is better settled in the practice than the one to the effect that in the absence of a bill of exceptions containing the evidence heard at the trial, nothing is before this court except the sufficiency of the pleadings to sustain the judgment, which in a criminal prosecution is the indictment. Among the later cases so holding are Tipton v. Commonwealth, 207 Ky. 685, 269 S. W. 1007; Maynard v. Commonwealth, 210 Ky. 362, 275 S. W. 871; and others referred to in those opinions."

The indictment upon which the appellant was tried was clearly sufficient, as it charges, in appropriate terms, that the appellant, "in the county of Perry on the 18th day of May, A. D., 1935, and before the finding of this indictment, did unlawfully, wilfully, feloniously, maliciously and of his malice aforethought, kill, slay and murder John Whitley, by shooting the said John Whitley, in and upon the head, body, arms, limbs and person with a pistol, a deadly weapon, from which shooting the said John Whitley did then and there die, contrary to the form of the Statutes in such case made and provided and against the peace and dignity of the Commonwealth of Kentucky."

In view of these allegations, it is clear that the indictment is sufficient, even had there been objection made to its sufficiency, in that it contains every element necessary to constitute the offense with which appellant was accused.

There being no ground on which the judgment may be reversed, our only alternative is to affirm it, and it is so ordered.