## Harris v. Commonwealth.

(Decided Oct. 7, 1938.)

ROSS, ROSS & BAYER and J. P. CHENAULT for appellant.

HUBERT MEREDITH, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Claude Harris, was jointly indicted with his son, Chester Harris, by the Madison county grand jury, on October 18, 1937, charged with the crime of willful murder, committed by feloniously, etc., shooting Eddie McBride and by a second count Claude Harris was charged with aiding and abetting Chester Harris

in the crime of willful murder by killing the said Mc-Bride.

The appellant, Claude Harris, a merchant policeman of Richmond, Ky., was employed by a number of merchants and business houses to watch their stores. When serving in such capacity early Sunday morning, October 17, 1937, he and his son, Chester Harris, who was then assisting him in the discharge of his duties as night watchman, engaged in a difficulty or affray with Eddie McBride and some other young man, in which Eddie McBride was shot and killed.

The appellant, Claude Harris, at once surrendered to the police officers, by whom he was immediately lodged in the Madison county jail without bail, where, it is stated, he has since been confined.

Chester Harris was shot in the leg while engaged in this affray, after which he went to his home, a mile or so outside of Richmond. He was arrested there an hour or two later and also placed in jail.

On October 18, 1937, the day next following this homicide, the appellant, Claude Harris, and his son and co-defendant, Chester Harris, were indicted, charging them with the commission of this murder, arraigned and their case set for trial eight days thereafter (October 25).

The case was at such time called for trial, when, after several days being taken up in selecting a jury, in which much difficulty was experienced, seemingly because of the high state of public excitement and feeling aroused by this killing, a jury was finally obtained, which, after hearing the evidence, the court's instructions and argument of counsel, upon submission to them of the case retired and returned a verdict on October 30 finding the appellant guilty of murder and fixing his punishment at imprisonment for life.

Motion and grounds for a new trial were at once filed, which the court took under advisement, but made no ruling thereon until the next or February term of court, when on March 3 it overruled the motion, entered judgment upon the verdict, granted an appeal and at the same time, reckoning from the day and term of entry of judgment, directed that the appellant be given until May 2, a day in the next succeeding term of court, in which to prepare and file his bill of exceptions.

At such time, or on May 2, the appellant by counsel appeared and moved for an extension of this time given to the later day of May 23, in the same term, in which to have prepared and file his bill of exceptions. Also, though appellant's motion to be allowed to prosecute his appeal in forma pauperis had been sustained and the official stenographer directed to prepare a transcript of the evidence heard upon the trial of his case, the same had not been prepared by her within the extended time, and he was allowed until May 23 of that term in which to have prepared a transcript of the evidence for filing with and as a part of his bill of exceptions.

At such time, on May 23, the appellant again appeared, stating that the evidence taken in his case had not been transcribed and that therefore he could not file his bill of exceptions, and moved the court for a further extension of time, to some fixed day in the next or October term of court, within which to prepare and file same.

This motion was at first granted by the court and a day fixed in such later term, but such order was later set aside upon the ground that the court was without authority to extend the time for preparing and filing the bill of exceptions beyond a day in the May term of court, that being the term next succeeding the February term, in which judgment was entered.

It therefore results that the appellant has prosecuted this appeal without a bill of exceptions, and there is nothing brought before us for our consideration except the clerk's transcript of the record and the brief of appellant's counsel.

Appellant is here seeking a reversal of the judgment of conviction rendered against him, upon the grounds that the court erred in not granting his motion for a continuance, made upon the call of his case for trial, for the reason, insistently urged and argued, that he was not given sufficient time, under the circumstances presented in his motion and supporting affidavits therefor, in which to prepare and make his defense to the charge of murder, for which he was just previously indicted; that the eight days intervening between his indictment for the crime on October 17 and his trial on the charge, held October 25, provided him entirely too short a time within which to properly prepare his defense; and that the court erred to the prejudice of the substantial rights of appellant in not sustaining his mo-

tion for a continuance of the trial of the case to the succeeding February term, so as to afford him a reasonable opportunity to fairly then present his defense to the murder charged against him, but which he did not have when he was put upon his trial, by reason of both his incarceration and his highly nervous and excited condition of mind during the too brief period of eight days allowed him between the date his indictment was issued and the date for which his trial was set.

Because of the gravity of the punishment visited by the jury's verdict upon the appellant, a life sentence, we have given a most careful consideration to the claim here made by appellant that he is entitled to a reversal of the severe verdict and judgment of conviction herein, as he was prejudiced upon his trial because not given a reasonable opportunity to prepare and present his defense, but we find ourselves confronted at the very threshold of our consideration of the appeal by the fact that appellant comes before us, seeking a reversal, without any bill of exceptions by which to adjudge the merit of his claim.

Under sections 334 and 282 of the Civil and Criminal Codes of Practice respectively, it is provided that time may be given in which to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court.

Here the time given the appellant by the court for preparing his bill of exceptions was properly reckoned from the time of the court's overruling appellant's motion and grounds for a new trial, which it did on March 3, or during the February term of court, and it fixed May 2, a day in the term of court next succeeding that in which judgment was rendered, as the day certain therein on which appellant should prepare and file his bill of exceptions. Stearns Coal & Lumber Co. v. Com., 163 Ky. 837, 174 S. W. 771.

Also, the court was rightly authorized under this code provision, as repeatedly construed by us, to make a further extension of time, where applied for (as here) before the expiration of the time first given, which it did by extending the time for filing the bill of exceptions to May 23, a later day in the term of court next succeeding that in which judgment was rendered. It is our opinion also that the court rightly set aside its order granting a further extension of time to a day in the October

term of court, or to a day beyond the term of court next succeeding the February term, in which judgment was entered. Civil Code of Practice, section 334; Combs v. Combs, 41 S. W. 7, 19 Ky. Law Rep. 439; Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178.

Appellant contends that under the circumstances existing in his case, his appeal comes within the exception to this rule of practice announced in S. K. Jones Construction Company v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482. There it is said [page 483]:

> "This section of the Code has frequently been construed by this court, and, in the absence of a showing of some casualty or misfortune preventing the filing of the bill of exceptions within the time given, it has uniformly been held that the trial court has no authority to extend the time beyond the next succeeding term after the judgment is rendered."
> See, also, Hurley v. Greif, 272 Ky. 741, 115 S. W. (2d) 284.

However, we are unable to see where the facts presented in this case bring the appellant's appeal within the exception announced. As stated in the case of Russell v. Com., 234 Ky. 112, 27 S. W. (2d) 666, it does not appear that appellant, by his employed counsel, made a diligent effort to prepare and present a bill of exceptions within the time given therefor. Counsel could have filed a bill of exceptions containing the evidence in narrative form, with supporting affidavits of bystanders, upon learning that the court stenographer would be unable to furnish him, within the time allowed, a transcript of the evidence.

However, because of appellant's failure to file a proper bill of exceptions, it follows (appellant, not having brought himself within the exception based upon casualty or misfortune preventing the filing of the bill of exceptions, which is intimated in the Jones Case, where time beyond the next succeeding term of court might be given for the preparation of a bill of exceptions) that his appeal comes within the pattern of the general and long established rule, that in the absence of a bill of exceptions, the one question that may be considered is the sufficiency of the indictment. Maynard v. Com., 210 Ky. 362, 275 S. W. 871.

As to this, it is sufficient answer to say that we have

carefully read the indictment in the instant case, charging that, "the said Claude Harris and Chester Harris in the county aforesaid (Madison) and before the finding of this indictment did unlawfully, willfully, and feloniously, with malice aforethought and with intent to kill, shoot and wound Eddie McBride, with pistols loaded with powder, ball and other hard substance, from which shooting and wounding the said Eddie McBride died within a year and a day thereafter."

In view of these allegations, setting out clearly and properly the elements of the crime of murder of which it accuses appellant, it is plain that the indictment is sufficient and, therefore, there being no ground on which the judgment may be reversed, we are constrained to affirm it. Conway v. Commonwealth, 261 Ky. 721, 88 S. W. (2d) 957; White v. Commonwealth, 225 Ky. 153, 7 S. W. (2d) 1059; Pezzarrossi v. Commonwealth, 234 Ky. 635, 28 S. W. (2d) 953.

Judgment affirmed.