## Stonefield v. Commonwealth.

April 26, 1940.

A. M. Caldwell, Judge.

Thomas W. Hardesty, Geo. J. Slaline and Cedric Vogel for appellant.

Hubert Meredith, Attorney General, and Wm. Hayes, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

On February 17, 1938, a grand jury by true bill charged appellant and others with having robbed one

Lawrence E. St. John, by and with the use of a deadly weapon. An offense denounced by Sections 1159 and 1159a, Kentucky Statutes.

On the same day appellant was arraigned, and plead not guilty; thereafter his trial was set down for March 31, when the case was redocketed for April 1, 1938, and on this date parties announced ready for trial. The jury returned a verdict of guilty, fixing punishment at imprisonment for life.

In due time appellant filed motion for a new trial, supported by six or more grounds, which due to the incomplete state of the record, it becomes unnecessary to detail. On April 16, the motion was overruled, and judgment entered in accord with the verdict.

There was no bill of exceptions filed, nor was there motion for extension of time for the filing of such bill, until the 6th of June, when an extension of 60 days was allowed from the "expiration of the original 60 days."

On July 27, 1938, it was agreed by the commonwealth's attorney that appellant, because of reasons advanced, should have "additional time in which to prepare and file said bill of exceptions with the clerk of this court," meaning the trial court. This is the last recorded order appearing in the transcript.

The transcript was filed in the clerk's office on July 29, 1938, and the appeal has been in suspension until now. The delay in disposing of the appeal has been due to numerous motions filed by appellant since the filing of the transcript, but apparently not made for purpose of delay.

On December 17, 1938, appellant moved this court for extension of time for the preparation and filing of his bill of exceptions, it being stated that the official stenographer who had reported the trial, had thereafter become fatally ill. The time asked was to April 11, 1939. On this motion the court extended the time until March 10, 1939, but the extension was not to obviate the necessity of filing the bill in the trial court for approval.

Again on May 9, 1939, motion was filed in this court to require the Judge of the trial court to sign a tendered bill of exceptions, which the trial court had refused to approve. The motion set out the fact that the stenographer who had reported the proceedings and had been

paid for her services, became ill on June 30, 1938, and was unable by reason of such illness to transcribe her notes. She later died, and a search failed to disclose her notes.

This motion was properly overruled, since it was apparent that the only method by which this court is enabled to control an inferior court is by writ allowed by Section 110 of the Constitution. This motion did not undertake to manifest to this court the contents of the bill of exceptions, nor are they shown in the record before us, hence we are unable, even if under repeated rulings we were authorized so to do, to review the evidence, and determine whether or not there were prejudicial errors in the admission of incompetent or rejection of competent testimony. The instructions given by the court do not appear.

The Attorney General has moved the court to dismiss the appeal. Were it not for the fact that under our procedure we may look to the question of whether or not the indictment was sufficient to support the judgment, the motion might prevail. Maynard v. Com., 210 Ky. 362, 275 S. W. 871; Harris v. Com., 275 Ky. 425, 121 S. W. (2d) 693, 694; Hurley v. Greif, 272 Ky. 741, 115 S. W. (2d) 284; Glenn v. Com., 234 Ky. 162, 27 S. W. (2d) 693.

Passing the argument on the merits, which obviously we cannot consider because of the absence of the bill of exceptions, we find that counsel contends that under the indictment as presented, the court was powerless to enter judgment following the jury's verdict, inflicting life penalty. The chief argument is, that since the head note to Section 1159a reads: "Robbery of bank or safe; penalty," it follows that the death or life imprisonment sentence may be inflicted only in cases where robbery of a bank or safe is accomplished by the means or use of a deadly weapon.

If there were any ambiguity in the sections we might consider the head notes in the construction of the statutes, since when we turn to the act (Ch. 52, Session Acts 1934) we find the head notes to be a part of the act. Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; 37 A. L. R. 1079. However, when we read the act in connection with its title, it is clear that it was the intention of the legislature to make the punishment

for robbery, where the act was accomplished by the use of deadly weapons, more severe than formerly. Sharp v. Com., 266 Ky. 850, 100 S. W. (2d) 817.

If we should limit the provisions of Section 1159a to the punishment for robbery of a bank by the use of deadly weapons, we would be compelled to overlook the plain provisions of the statute, which include the offense of robbery of persons, dwellings or other places, named in Section 1159. We are sure that the legislature never intended the punishment to be other than clearly expressed in the amendment to Section 1159, which has been in effect since 1934, and under which no few convictions have been had.

Counsel in brief states that there was prepared a bill of exceptions, and same was presented, but the Judge refused to sign, giving no reason in so far as he shown. If the Judge arbitrarily refused to consider or settle a correct bill of exceptions, offered within time, this matter might have been brought before this court, not by motion, as was attempted, but by writ of mandamus under Section 110 of the Constitution. Striger v. Carter, 190 Ky. 319, 227 S. W. 448; Thompson v. Tyrie, 200 Ky. 741, 255 S. W. 526. This case points out how a bystander's bill may be filed in this court. See also Snyder v. Snyder, 257 Ky. 148, 77 S. W. (2d) 404.

In a case where life or liberty of a person is involved, this court would always prefer to consider the rights upon review of the merits, but as the matter comes before us we can only look to the record to ascertain if there was a good and sufficient indictment. Here the indictment was in apt language, following the statute penalizing the offense. We also conclude that under the indictment and the statute, the jury had the right to inflict the near maximum penalty. We must assume, in the absence of showing to the contrary, the court's instruction followed the statute and gave the whole law.

Judgment affirmed.