## Morgan v. Commonwealth.

Oct. 18, 1940.

C. C. Duncan, Special Judge.

125

James C. Carter, Jr., for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On August 17, 1939, appellant and Ewell and Hytie Morgan were indicted for the murder of Cull Morgan. The case was called for trial August 30, 1939. The court sustained motion for severance and upon election appellant was placed on trial. Appellant's motion to continue was sustained, and on November 27, parties announced ready; the trial proceeded, resulting in a verdict of guilty of manslaughter, the jury fixing the penalty at confinement for twenty-one years.

Motion for a new trial was overruled, and on appeal it is contended that the court erred in:

(1) Failing to instruct the jury to return a verdict for defendant both at the close of commonwealth's and all the testimony.

(2) The verdict was contrary to the evidence.

(3) Misconduct of one of the attorneys for the prosecution in closing argument.

The record shows that the case was tried at the November term, 1939. The time for filing bill of exceptions was extended for valid reasons to the 5th day of the March, 1940, term, when time again was extended to the 12th day of the term. Notwithstanding the extensions there is no order filing a bill of exceptions, even if we consider the transcript of evidence as such, since there is no order filing it as a part of the record before us.

The record does manifest that the transcript was certified by the stenographer on March 30, as being a correct copy of the evidence, together with objections and exceptions noted. On the same day the special

judge endorsed the transcript: "Examined and approved this 20th day of March 1940." The clerk indorsed on the record "the foregoing is a true copy of all pleadings, orders and other record in the above styled case, not embraced in the bill of exceptions and transcript of evidence." This bears witness of date May 8, 1940, long after time for filing the bill; not being an order of court it is no part of the record.

The failure to make the bill of exceptions a part of the record by necessary orders is fatal; the effect of such failure is so well established that we need cite only a few controlling cases.

In Grayson v. Com., 235 Ky. 10, 29 S. W. (2d) 580, 581, we found the fact to be that the document which purported to be a bill of exceptions "was not even indorsed by the clerk of the court as having been filed, and there was no order of court showing that fact." The opinion cites eight or more cases in which we applied the "established practice" of striking what purported to have been, but was not, a bill of exceptions, in which cases we also held the rule to be that "the only question left for the determination of this court is whether the * * * indictment * * * is sufficient to support the judgment." The indictment here is in form and substance as required by the Code, and in plain language charges the homicide.

To the above-cited case, and those therein cited, we may add the more recent cases of Spencer v. Com., 250 Ky. 370, 63 S. W. (2d) 288; Harris v. Com., 275 Ky. 425, 121 S. W. (2d) 693; Bowman v. Com., 261 Ky. 215, 87 S. W. (2d) 355. We could enlarge the list but deem it unnecessary to do more than refer to Vol. 6, Kentucky Digest, Criminal Law, Key Number System 1086 et seq.

However, due to the fact that the conviction was had in the instant case solely upon circumstantial evidence, we have not felt it amiss to read the transcript of testimony and find that the witnesses gave evidence to a chain of circumstances which, as we view them, were of sufficient strength to connect appellant with the commission of the homicide, and to justify the submission of the question of guilt or innocence to the jury. It then became the duty of the jury to weigh and measure, and to reconcile conflicts of evidence.

Judgment affirmed.