## MATTINGLY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Karem & Karem, Louisville, for appellant.

A. E. Funk, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Justice.

Appellant, John Robert Mattingly, was indicted at the February 1951 term of the Nelson Circuit Court for maliciously shooting at without wounding Agnes Mattingly on Dec. 5, 1950. The indictment further averred that prior to the shooting charged, accused had been convicted of the felony of grand larceny in the Nelson Circuit Court at its November term 1948. His trial resulted in a conviction as charged in the indictment and his punishment was fixed at confinement in the penitentiary for 10 years.

In seeking to reverse the judgment appellant insists: 1. The previous conviction was not proved; 2. the verdict is flagrantly against the evidence and is the result of passion and prejudice on the part of the jury; 3. the viewing ·of the scene of the crime by the jury was improper; 4. the instructions are erroneous.

Appellant was tried at the February term 1951, before Hon. Henry M. Brooks, a member of the bar, who was designated as Special Judge by the Chief Justice to preside over that term of the Nelson Circuit Court. Upon overruling appellant's motion for a new trial Judge Brooks gave him until the third day of the next term to file his bill of exceptions. The next term of the Nelson Circuit Court convened on the second Monday in May and the third day thereof was May 16th. Hon. H. N. Denton, a member of the bar presided over the May term as Special Judge, having been designated by the Chief Justice. The record shows that on May 24th, which was 8 days after the time given for the filing of the bill, appellant presented his bill of exceptions to Judge Denton, who refused to sign or approve it on the ground that he was not the judge who presided at the trial and was without authority to settle the bill. The record further shows that on Aug. 15, 1951, appellant moved Judge Brooks to approve and file his bill of exceptions, as well as the corrected transcript of the testimony, and Judge Brooks refused to settle the bill or file the transcript on the ground that his authority expired with the February term, but did on Aug. 17, 1951, mark the bill "tendered".

At the outset we are met with a motion of the Commonwealth to strike the bill of exceptions because it was not approved by the trial judge and was never filed. Appellant resists the motion on the ground that Judge Brooks refused to settle the bill after the term had expired over which he was designated to preside on the ground that he was without authority; and that Judge Denton, who presided at the succeeding May term as Special Judge, likewise refused to approve and sign the bill because he had not presided at the trial and was without authority to settle the bill.

■ Section 282 of the Criminal Code of Practice reads: "The exception shall be shown upon the record, by a bill of exceptions, prepared, settled and signed, as provided in the Court of Practice in civil cases." Evidently "Court" as here used is a misprint and "Code" was intended.

Section 334 of the Civil Code of Practice dealing with bill of exceptions provides:

"The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court.

"If the judge of said court shall die or resign, or his term of office shall expire before the term of court to which time is given to file bill of exceptions or if the regular judge of the court, or any special judge who shall have tried the case, does not preside at the said next term of court, then it shall be the duty of the regular judge of said court, if present and presiding, or any special judge who may (be) presiding at said term of court, to sign said bill of exceptions, and attest the transcript of testimony taken by the official stenographic reporter, and make all necessary orders with reference thereto".

In Dark Tobacco Growers' Co-op Ass'n v. Garth, 218 Ky. 391, 291 S.W. 367, we held that either the special judge who presided at the trial or the special judge who presided at the succeeding term to which time was given to file the bill could approve and file it. In Pack v. Feuchtenberger, 232 Ky. 267, 22 S.W.2d 914, we upheld the approval and filing of the bill by a regular circuit judge who had been designated as special judge to hold the January term of the Boyd Circuit Court where the bill had been tendered within time at the previous September term but had not been settled at that term, nor at the November term following. However, it was there said we did not decide whether a member of the bar acting as special judge at the January term would have had the power to settle this bill. But the Garth case holds that a member of the bar had such authority, and we cannot see why such a special judge has not the same power to settle the bill as does a regular judge acting in the capacity of special judge.

■ Here, if appellant had tendered his bill within the time allowed by Judge Brooks, he would have done all that was required of him and would not have been affected by either Judge Brooks' or Judge Dentons' failure or refusal to approve it; and either Judge Brooks, who presided at the trial, or any subsequent special judge presiding over a term of the Nelson Circuit Court, would have had power to sign and settle the bill. The Pack case, 232 Ky. 267, 22 S.W.2d 914. But as appellant did not tender his bill on or before the third day of the following May term, the motion of the Attorney General to strike it must be sustained.

■ Had appellant tendered his bill in time and had either Judge Brooks or Judge Denton failed to sign it, his proper remedy would have been to apply to this court for a mandatory order to require either of them to do so. Proctor Coal Co. v. Strunk, 89 S.W. 145, 28 Ky.Law Rep. 241. Or he could have prepared a bystander's bill and brought it to this court and filed it as part of the record. Davis v. Smith, 264 Ky. 20, 94 S.W.2d 20, 22. As was said in the Davis opinion, quoting from Striger v. Carter, 190 Ky. 319, 227 S.W. 448, " 'The failure or refusal of the lower court to sign a bill tendered in time will not deprive a litigant of his right of appeal' ".

■ With the bill of exceptions stricken, the only question presented on this appeal is, does the indictment sustain the judgment

of conviction? Maynard v. Com., 210 Ky. 362, 275 S.W. 871. A careful examination of the indictment shows that it is good in every respect, therefore it sustains the judgment.

Appellant argues no judgment was entered, but he is mistaken in this. The judgment appears on page 9 of the clerk's record and fully conforms with sections 284 through 286 of the Criminal Code of Practice.

While the instructions are copied in the clerk's record, there is no order making them a part of the record and the only attempt to incorporate them into the record is in the bill of exceptions which was not approved or filed. Therefore, we can no more consider the instructions than we can the evidence.

In the condition we find the record, there is nothing this court can do but affirm the judgment.