## COMMONWEALTH v. SMITH.

Court of Appeals of Kentucky.
May 29, 1951.

As Modified on Denial of Rehearing
Dec. 14, 1951.

A. E. Funk, Atty. Gen., Floyd Taylor, Pineville, for appellant.

Walter B. Smith, Louisville, W. R. Knuckles, Pineville, for appellee.

WADDILL, Commissioner.

This is an appeal by the Commonwealth from a judgment of the Bell Circuit Court sustaining appellee's motion to dismiss an indictment, wherein he was charged with the crime of murder.

In March, 1948, appellee, by indictment No. 3424, was accused of the murder of Orville Hendrickson, and by indictment No. 3425, he was charged with the murder of George Hendrickson.

On June 11, 1948, on motion of the Attorney of the Commonwealth, indictment No. 3424 was filed away, with leave to reinstate on motion. On the same date, appellee pleaded guilty to indictment No. 3425, and the jury found him guilty of manslaughter and fixed his punishment at seven years in the State Reformatory. The court pronounced judgment in conformity with the verdict.

Upon the call of the Commonwealth's Docket on November 1, 1948, indictment No. 3424 was continued to the first day of the January Term, 1949. On November

18, 1948, on motion of the Commonwealth's Attorney, this indictment was reinstated and placed on the court's docket for disposal and orders. On the same date, upon the Commonwealth's Attorney's motion, the indictment was dismissed with the following notation endorsed thereon, "Dismissal lack of evidence 11–18–48 Robert J. Watson, Com. Atty. 41 J.D."

On November 27, 1950, the Commonwealth's Attorney entered a motion to have the case referred anew to the grand jury for indictment. The court sustained the motion. The grand jury then returned indictment No. 4238, again charging appellee with the wilful murder of Orville Hendrickson. The case was then assigned for trial on January 15, 1951.

Appellee, by counsel, filed what is designated as a "motion to dismiss" indictment No. 4238, setting out as his grounds therefor, these reasons:

"1. Because the Commonwealth Attorney previously dismissed an indictment, styled Commonwealth of Kentucky Vs. Roscoe Smith on the same charge as set forth in this indictment. It being No. 3424, and dismissed on Nov. 18, 1948, and;

"2. There was an agreement by counsel for the Commonwealth and witnesses for the prosecution (relatives of the deceased Orville Hendrickson and George Hendrickson) that if the defendant, Roscoe Smith would enter a plea of guilty on the charge of killing George Hendrickson and take a sentence of seven years in the State Reformatory, that there would be no further prosecution on the charge of killing Orville Hendrickson. This agreement was agreed to by all the parties, both for the prosecution and the defense; see Clagg v. Commonwealth, 213 Ky. 524, 281 S.W. 509, and Radar v. Commonwealth, 287 Ky. 282, 152 S.W.2d 937.

"3. Because the court records show that the Commonwealth carried out its part of the agreement by dismissing the indictment against the defendant, Roscoe Smith on the charge of murder of Orville Hendrickson; and

"4. Further this agreement was made at a time that Honorable Daniel Boone Smith

of Harlan, Kentucky was at that time Commonwealth Attorney of Bell County, and subsequently, by act of legislature this Judicial District was divided and Honorable Robert J. Watson became the Commonwealth Attorney of Bell County, and pursuant to the agreement, he with permission of the court, dismissed finally indictment No ———— styled Commonwealth of Kentucky, Plaintiff Vs. Roscoe Smith, defendant, and

"5. Now that Honorable Garfield R. Drinnon is the Commonwealth Attorney of Bell County, we fully believe that he will keep the faith and agreements made by previous Commonwealth Attorney in this matter, and that the motion to dismiss the indictment should be sustained, and a final order be entered dismissing the second indictment No. ———— styled Commonwealth of Kentucky Plaintiff, Vs. Roscoe Smith, defendant, and

"6. Further, the defendant filed the affidavit of his counsel, Walter B. Smith, in support of this motion, and

"7. Further the defendant files an original letter of the Commonwealth Attorney, Daniel Boone Smith."

A hearing was held upon the merits of the motion and upon the completion of which, an order was entered by the court sustaining the motion upon the grounds contained therein; hence, this appeal.

■ There is no bill of exceptions filed in the case. This Court has declared the rule to be, in the absence of same, that upon review, the only question left for determination is, whether the pleadings sustain the judgment. Grayson v. Commonwealth, 235 Ky. 10, 29 S.W.2d 580; Tipton v. Commonwealth, 207 Ky. 685, 269 S.W. 1007; Maynard v. Commonwealth, 210 Ky. 362, 275 S.W. 871; Patrick v. Commonwealth, 213 Ky. 509, 281 S.W. 498; Jones v. Commonwealth, 225 Ky. 273, 8 S.W.2d 382; Russell v. Commonwealth, 234 Ky. 112, 27 S.W. 2d 666.

■ An examination of indictment, No. 4238, reveals that it is sufficient, as it charges in appropriate terms, that appellee: "in the said County of Bell, on the 9th day of March 1948, and before the finding of

this indictment, did unlawfully, willfully, maliciously, feloniously and of his malice aforethought, kill, slay and murder Orville Hendrickson by shooting and wounding the said Orville Hendrickson, in and upon the head, body, arms, limbs and person with a pistol a deadly weapon from which shooting and wounding the said Orville Hendrickson did then and there die, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Commonwealth of Kentucky." Luster v. Commonwealth, 270 Ky. 292, 109 S.W.2d 638.

■ The motion of appellee to dismiss the indictment constitutes a part of the pleadings which is subject to review. Therefore, the grounds alleged therein must be examined upon appeal to determine whether they constitute a legal defense to the indictment. The trial court sustained them as a complete defense against further prosecution of appellee, for the alleged murder of Orville Hendrickson.

Section 243 of the Criminal Code of Practice provides that the Attorney of the Commonwealth, with permission of the court, may dismiss indictments. But to make a dismissal of an indictment effectual, the Commonwealth's Attorney must further comply with the terms of KRS 455.070.

■ The reason endorsed on the first indictment, dismissing it, shows that appellee was not placed in jeopardy under it. Such a dismissal of an indictment cannot now be effectively pleaded in bar to a second indictment on the same charge.

■ This Court has held that in the event the Commonwealth desires to reinstate the prosecution it may do so by procuring another indictment, or by warrant of arrest sworn out before an examining magistrate, and then proceed as in other original prosecutions. Until appellee is put in jeopardy under an indictment, we know of no practice that would estop the Commonwealth from indicting him and trying him upon a charge of crime. Commonwealth v. Smith, 140 Ky. 580, 131 S.W. 391; Commonwealth v. Wilson, 280 Ky. 61, 132 S.W.2d 522; Commonwealth v. Swanger, 108 Ky. 579, 57 S.W. 10.

■ Therefore the grounds alleged in appellee's motion to dismiss indictment No. 4238 do not constitute a valid defense.

In our opinion, the court erred in dismissing indictment No. 4238. The judgment is reversed, with directions to set aside the order of dismissal and overrule appellee's motion to dismiss the indictment.

We feel constrained to say that this Court thinks appellee has been most unfairly treated by the Commonwealth. Relying upon the agreement of the Commonwealth Attorney to dismiss indictment No. 3424 and not prosecute him for killing Orville Hendrickson, appellee pleaded guilty under indictment No. 3425, which charged him with killing George Hendrickson, and was sentenced to prison for a term of seven years.

■ The present Commonwealth Attorney is going back on the agreement made by his predecessor in office and approved by the Trial Judge, and appears to be intent on prosecuting appellee for the killing of Orville. Of all persons appearing in criminal courts, the prosecuting officer should be the last to go back on an agreement, if fairly made, by his predecessor in office. In the absence of fraud, the present Commonwealth Attorney cannot be heard to say the agreement is not binding on him because it was made by his predecessor, since such an agreement is made in the name of the Commonwealth and is not confined to its representative who entered into it.

While we always hesitate to suggest to another branch of government, we are convinced that appellee has been unfairly and unconscionably dealt with, and should he be put on trial and convicted under indictment No. 4238, executive clemency should be granted him as the courts are without authority to right the great injustice done him. See Hayes v. Commonwealth, 305 Ky. 108, 203 S.W.2d 1, where under somewhat similar conditions, though the exact question here was not involved there, we intimated that executive clemency should intervene to correct an injustice the courts could not reach.

The judgment is reversed.