Seibert RILEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 30, 1956.

Sandy Paniello, Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, Seibert Riley, was convicted of the crime of knowingly receiving stolen property and his punishment fixed at two years' confinement in the penitentiary. On appeal his sole contention is that the Court erred in admitting prejudicially incompetent evidence.

We have examined the record and fail to find timely objections to or motions to exclude the alleged incompetent evidence, except in one instance where appellant did move to exclude certain testimony, which motion was sustained, and the jury was properly admonished not to consider such excluded evidence.

We are unable to consider any of the alleged incompetent evidence, even though timely objections had been made, due to the fact there was no bill of exceptions filed in the case. The rule in such a case is well settled that the method of bringing errors before this Court for review is to incorporate them into the record by a duly authenticated bill of exceptions, signed and approved by the presiding judge. In the absence thereof, the only question for our determination is whether the pleadings sustain the judgment. Tipton v. Commonwealth, 207 Ky. 685, 269 S.W. 1007; Grayson v. Commonwealth, 235 Ky. 10, 29 S.W.2d 580; Nelson v. Commonwealth, 297 Ky. 189, 179 S.W.2d 445; Commonwealth v. Smith, Ky., 244 S.W.2d 724; Stonefield v. Commonwealth, 282 Ky. 692, 139 S.W.2d 752; Criminal Code, § 282.

No complaint is made of the indictment and we can find no defect therein.

Judgment affirmed.